(No. 57146.–

MICHAEL COX, Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF DANVILLE *et al.*, Appellees.

*Opinion filed June 9, 1983.*

Thomas J. Fahey, of Manion, Janov, Edgar, Devens & Fahey, Ltd., of Danville, for appellant.

Hardin W. Hawes and Randall P. Ray, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Michael Cox, filed an action under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) to review the decision of defendant, the board of fire and police commissioners of the city of Danville, dis-

charging him from his employment as a police officer. The circuit court of Vermilion County, upon allowance of defendant's motion, dismissed the action on the ground that it was not timely commenced. The appellate court affirmed the order (107 Ill. App. 3d 704), and we granted plaintiff's petition for leave to appeal (87 Ill. 2d R. 315).

It is alleged in the complaint that the chief of police of Danville had filed a complaint seeking plaintiff's discharge; that following a hearing before the defendant board plaintiff was found not guilty of the charges made; that on administrative review the decision was reversed and the cause remanded with instructions. Upon remand, defendant entered an order discharging plaintiff. On May 13, 1981, copies of the order were placed into the United States mail with proper postage attached, and properly addressed to plaintiff and his attorney. They received the documents on May 15, 1981. On June 17, 1981, at about 9:30 a.m., plaintiff's attorney presented to the office of the clerk of the circuit court of Vermilion County a complaint for administrative review together with unsigned summonses directed to each of the proper parties defendant to the administrative review action and affidavits concerning their addresses. On June 18, 1981, the clerk signed and sent the summonses by mail to the defendants.

Defendants moved to dismiss on the ground that under section 4 of the Administrative Review Act the action was not timely filed. Section 4 (Ill. Rev. Stat. 1979, ch. 110, par. 267, now Ill. Rev. Stat. 1981, ch. 110, par. 3—103), in pertinent part provided:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

The circuit court found that plaintiff had filed the action within the 35-day period fixed by the statute, but because the summonses were not issued until the 36th day, the mo-

tion to dismiss was allowed.

The appellate court affirmed, holding that although the complaint was timely filed, failure to issue the summonses until the following day rendered the commencement of the action untimely. The court stated that had the clerk's personnel been advised of the exigencies of the circumstances and failed to issue the summonses immediately "a strong case would be made for disregarding the requirement that summons issue." 107 Ill. App. 3d 704, 709.

The parties are in agreement that, in computing the 35-day period provided in section 4, the first day is excluded and the last day included. (Ill. Rev. Stat. 1979, ch. 1, par. 1012.) Thus, June 17, 1981, was the 35th day after the mailing of the copy of defendant's decision.

Plaintiff argues that we must first decide whether the 35-day period commenced with the date of mailing of the notice of decision or whether the act of mailing served merely to create a rebuttable presumption that the notice of decision was received. Section 4 provided:

> "The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his last known residence or place of business." (Ill. Rev. Stat. 1979, ch. 110, par. 267.)

Citing *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, and *Varnes v. Lentz* (1975), 30 Ill. App. 3d 806, plaintiff argues that there is authority for the proposition that the time commenced to run from receipt of the notice. We do not agree. The issue presented in *Pearce Hospital* and *Varnes* was whether the order of the agency was an administrative decision from which an appeal could be taken and did not present the question whether the statutory period commenced to run from the

date of mailing or the date of receipt.

The statutory provision is clear and unequivocal. Since the statute which governed the proceeding before the defendant board (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17) provides no method of service, the decision was served when deposited in the United States mail.

Plaintiff contends that having performed all the acts required under the statute he should not be denied his day in court because of the failure of the clerk's office to issue the summonses on the day they were delivered. He points out that he exercised no control over the operation of the clerk's office. He contends further that the Administrative Review Act should be liberally construed in order to avoid dismissal and permit him the opportunity for review of the administrative order. Defendants argue that the statute must be strictly construed, and alternatively that minimally plaintiff was under the duty to advise the clerk of the exigencies of the circumstances and the need for immediate issuance of the summonses.

An established rule of statutory construction in this jurisdiction is that courts will "liberally construe a right to appeal so as to permit a case to be considered on its merits." (*Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351-52.) *City National Bank & Trust Co. v. Illinois Property Tax Appeal Board* (1982), 108 Ill. App. 3d 979, involved an issue similar to that presented here. The plaintiff did not prepare a summons but was told by the deputy circuit clerk that she would do so. The deputy clerk was advised by the plaintiff's attorney that the complaint was being filed on the last day and that summons must be issued on that date. He was told that it would be issued effective that date but due to "an inadvertent clerical error" of the circuit clerk's office, the summons bore a date three days later. The circuit court dismissed the action. The appellate court reversed, holding that the issuance of summons within the 35-day period was intended to

be mandatory and not jurisdictional, and that "the purpose of the limitation period was to hasten the procedure in these cases." We agree.

Here the plaintiff acted with diligence in presenting to the clerk summonses which required only signatures and seals prior to service. We need not engage in conjecture concerning the holding which might result under the countless factual situations which could be hypothesized with respect to delay in the issuance of summons following timely filing of a complaint for administrative review. On this record we hold that the action was timely commenced. The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Vermilion County with directions to consider the administrative review on its merits.

*Judgments reversed; cause remanded, with directions.*