FIRST DIVISION

June 22, 1998

No. 1-97-0565

JACK A. TRAFICANO,

Petitioner,

v.

THE DEPARTMENT OF HUMAN RIGHTS and YAMAICHI INTERNATIONAL (AMERICA), INC.,

Respondents.

)

)

)

)

)

)

)

)

)

)

Petition for Review of an Order of the Chief Legal Counsel of the Illinois Department of Human Rights

JUSTICE GALLAGHER delivered the opinion of the court:

Petitioner, Jack A. Traficano, seeks appellate review of the February 3, 1997, order of the chief legal counsel of the respondent, the Illinois Department of Human Rights (Department).  The order of the chief legal counsel sustained the Department's dismissal of petitioner's charge of unlawful discrimination against the co-respondent, Yamaichi International (America), Inc. (Yamaichi).  The chief legal counsel determined that the charge was not supported by substantial evidence.  We affirm the order of the chief legal counsel.

Petitioner premised his charge of unlawful discrimination against Yamaichi on Yamaichi's decision to discharge petitioner when Yamaichi downsized its Chicago office on February 8, 1996.  In his claim to the Department, petitioner alleged that Yamaichi unlawfully discriminated against him on the basis of his national origin because Yamaichi discharged petitioner (a United States citizen) while it retained Hiromune Takamura (of Japanese origin) and assigned him the same duties that petitioner had been hired to perform; petitioner further alleged Takamura was a less able and less experienced employee.

The Department investigated petitioner's charge, and the investigator submitted a report that included the following uncontested facts: Yamaichi hired petitioner on October 19, 1989, as vice-president and manager of the firm's floor operations at the Chicago Board of Trade; petitioner was primarily responsible for the execution of orders submitted by Yamaichi's customers; Takamura, a senior vice-president, was the only non-American employee in the Chicago office at the time of the alleged violation; Yamaichi reorganized and restructured its Chicago office during early 1996, eliminating several positions; and Traficano was discharged from the position of vice-president floor broker on February 8, 1996.  Other evidence was submitted indicating that, at the time of his dismissal, petitioner received an annual salary of $83,712 while Takamura received $125,000 in annual salary.

On November 12, 1996, the Department dismissed petitioner's charge of unlawful discrimination, basing its decision upon the finding that petitioner lacked substantial evidence to support his charge.  The investigative report found that Takamura was petitioner's manager and that the two employees were not similarly situated.  Petitioner requested that the chief legal counsel of the Department review the Department's decision in the matter.  On February 3, 1997, the chief legal counsel issued a final and appealable order sustaining the Department's dismissal.  Petitioner now seeks review of the chief legal counsel's decision in this court.

Initially, this court must determine whether it has subject matter jurisdiction over the present dispute.  Final orders of the chief legal counsel are directly appealable to this court under sections 7-101.1(A), 7A-102(G)(3) and 8-111(A)(1) of the Illinois Human Rights Act (775 ILCS 5/7-101.1(A), 7A-102(G)(3), 8-111(A)(1) (West 1996)), as well as Supreme Court Rule 335 (155 Ill. 2d R. 335).  As respondents point out, Rule 335 requires that "[t]he agency and all other parties of record shall be named respondents" in the petition seeking appellate review.  155 Ill. 2d R. 335(a).  Respondents assert that because petitioner failed to name the chief legal counsel as a respondent in the petition before us, this court lacks jurisdiction to decide the case.

Under the Human Rights Act, the chief legal counsel of the Department of Human Rights is the final decision maker in the administrative process within the Department.  775 ILCS 5/7-101.1(A), 8-111(A)(1) (West 1996).  As such, the chief legal counsel is a necessary party to this action and should have been named as a respondent in the petition for judicial review.  
Zientara v. Lottery Control Board
, 214 Ill. App. 3d 961, 968-69, 574 N.E.2d 747, 751-52 (1991).  Previously, our supreme court held that the failure to name the necessary parties respondent in a petition for judicial review, as mandated by Rule 335, requires dismissal.  
McGaughy v. Human Rights Comm'n
, 165 Ill. 2d 1, 15, 649 N.E.2d 404, 411 (1995), 
vacating
 243 Ill. App. 3d 751, 612 N.E.2d 964 (1993).  In that case, the petitioner failed to name the Department of Human Rights as a respondent in the petition for judicial review.  
McGaughy
, 165 Ill. 2d at 4, 649 N.E.2d at 406.  In reaching its decision, the court analogized application of its Rule 335 to section 3-107(a) of the Administrative Review Law (735 ILCS 5/3-107(a) (West 1992)), the provision empowering circuit courts to review certain administrative decisions:

"[T]he joinder requirements of section 3-107 of the Administrative Review Law and of Supreme Court Rule 335(a) are substantively similar.  [Citations.]  There is nothing in the plain language of the statute or the rule that would justify the development of two divergent procedural standards for the review of administrative matters, and we do not believe that the meanings of these similar requirements should vary, depending on whether the destination of the case is the circuit court or the appellate court.  [Citation.]"  
McGaughy
, 165 Ill. 2d at 12-13, 649 N.E.2d at 410.

Respondents acknowledge that section 3-107 of the Administrative Review Law has been amended since the supreme court's decision in 
McGaughy
.  The statute now provides as follows:

"No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section."  735 ILCS 5/3-107(a) (West 1996).

This court has previously held that the amended version of the statute applies retroactively.  
Rhoads v. Board of Trustees of the City of Calumet City Policemen's Pension Fund
, 293 Ill. App. 3d 1070, 689 N.E.2d 266 (1997).  Indisputably, the chief legal counsel of the Department was an employee or agent of the Department acting in her official capacity.  Nevertheless, respondents argue that section 3-107 does not apply to the present case, as Supreme Court Rule 335 explicitly exempts application of section 3-107 from proceedings to review agency decisions in the appellate court.  We disagree.  The "explicit exemption" argument has already been rejected by our supreme court
.  
McGaughy
, 165 Ill. 2d at 13-14, 649 N.E.2d at 411.  Moreover, the language used in the 
McGaughy
 opinion manifests the supreme court's intent that Rule 335 be read in harmony with section 3-107 of the Administrative Review Law.  165 Ill. 2d at 12-13, 649 N.E.2d at 410.  Due to the amended language of section 3-107, and the supreme court's intent that judicial review of administrative decisions be subject to uniform procedures, we find that this court enjoys jurisdiction to review the order of the chief legal counsel.

We now proceed to the merits of the case.  As a prefatory matter, we note that the Human Rights Act provides that, for causes of action filed on or after January 1, 1996, a complainant whose charge has been dismissed by the Department may seek review of that decision with the chief legal counsel.  775 ILCS 5.7-101.1 (West 1996).  Prior to January 1, 1996, a complainant seeking review of the Department's decision to dismiss a charge would submit his or her cause to the Illinois Human Rights Commission.  775 ILCS 5/7A-102(D) (West 1994).  Decisions of this court under the earlier statutory scheme applied an abuse of discretion standard when reviewing a decision by the Commission to dismiss a charge under the Human Rights Act for lack of substantial evidence.  
Marinelli v. Human Rights Comm'n
, 262 Ill. App. 3d 247, 253, 634 N.E.2d 463, 468 (1994); 
Motley v. Human Rights Comm'n
, 263 Ill. App. 3d 367, 371, 636 N.E.2d 100, 102 (1994); 
McGaughy v. Human Rights Comm'n
, 243 Ill. App. 3d 751, 759, 612 N.E.2d 964, 969 (1993), 
vacated
 
on
 
other
 
grounds
, 165 Ill. 2d 1, 649 N.E.2d 404 (1995).  Moreover, a reviewing court presumes to be true and correct the findings and conclusions of an administrative agency with respect to questions of fact.  735 ILCS 5/3-110 (West 1996).  We therefore hold that the abuse of discretion standard applies to the present case, where the chief legal counsel sustained the Department's decision to dismiss petitioner's charge for lack of substantial evidence.

To establish a 
prima
 
facie
 case of discrimination, petitioner needed to show (1) he was a member of a group protected under the law; (2) he was performing satisfactorily; (3) he was discharged despite his adequate performance; and (4) a similarly situated employee was not discharged.  
Marinelli
, 262 Ill. App. 3d at 253, 634 N.E.2d at 469.  In the present case, the chief legal counsel found that the Department properly dismissed petitioner's charge because petitioner and Takamura were not similarly situated employees.  As a result, petitioner failed to establish a 
prima
 
facie
 case of discrimination.  We find that the chief legal counsel did not abuse her discretion in making her decision.  Accordingly, we affirm the order of the chief legal counsel.

For the aforementioned reasons, the decision below is affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.