MICHAEL NUDELL, Plaintiff-Appellee, v. FOREST PRESERVE DISTRICT
OF COOK COUNTY, Defendant-Appellant.

First District (1st Division)   No. 1—00—3220

Opinion filed August 19, 2002.

Jonathan A. Rothstein and Frederick S. Rhine, both of Gessler, Hughes, Socol, Piers, Resnick & Dym, Ltd., of Chicago, for appellant.

Mark D. DeBofsky, of DeBofsky & DeBofsky, of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

After an evidentiary hearing, the Civil Service Commission of Cook County (Commission) issued findings and a decision sustaining sexual harassment and insubordination charges made by a female

Cook County Forest Preserve District (District) police officer, Cynthia Spina, against police officer Michael Nudell. The Commission ordered that Nudell be terminated as a police officer. On March 25, 1998, the Commission served its decision by mailing a copy of it to Nudell's attorney. Nudell's attorney received the decision on April 6, 1998. Nudell filed a complaint for administrative review on May 5, 1998. The District moved to dismiss the action as untimely. The circuit court denied the District's motion to dismiss. Upon administrative review, the circuit court held that the charges against Nudell were "vague and overbroad while others [were] completely without support in the record." However, the circuit court held that the charge of insubordination was supported by the record. The circuit court remanded the case for further proceedings.

On remand, following another hearing, the Commission issued its findings and decided that the sexual harassment and insubordination charges against Nudell had been sustained and warranted his termination. Nudell sought administrative review. The Commission's holding was reversed by the circuit court.

The Commission now presents the following issues upon appeal: (1) whether Nudell's initial complaint for administrative review was timely and properly before the circuit court; (2) whether the circuit court abused its discretion by deciding the case based on a due process argument that Nudell had not made before the Commission or the circuit court, and thus had waived; (3) whether the charges against Nudell violated due process; (4) whether there is evidence in the record that supports the Commission's findings against Nudell; and (5) whether the Commission's decision to discharge Nudell for insubordination and sexual harassment was arbitrary, unreasonable, or unrelated to the requirements of the service.

## BACKGROUND

Michael Nudell began working as a police officer for the District in October 1987. A female police officer alleged that, beginning in 1995, Nudell engaged in ongoing sexual harassment. The District conducted an internal investigation and predisciplinary hearing. On June 12, 1997, Nudell was suspended for 29 days, pending a hearing before the Commission regarding charges of ongoing sexual harassment of a fellow officer and insubordination to her authority. On June 20, 1997, district general superintendent Joseph Nevius provided a written request that the Commission remove Nudell from service.

On January 27, 1998, the Commission conducted a hearing on the charges against Nudell. On March 3, 1998, the Commission decided to terminate Nudell's employment. On March 25, 1998, the Commission

served its decision by mailing a copy of it to Nudell's attorney at the office the District had on file for him (Gary L. Bailey, Staff Attorney, Illinois Fraternal Order of Police, 6345 W. Joliet Road, Countryside, Illinois, 60525). Nudell's attorney received the decision on April 6, 1998. In a letter dated April 27, 1998, Nudell's attorney informed the Commission that Nudell would appeal the Commission's decision and that the correspondence was intended as a request to prepare his civil service hearing record for appeal. On May 5, 1998, Nudell filed a complaint for administrative review.

On June 9, 1998, the District filed a motion to dismiss Nudell's motion for administrative review under sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1998)), asserting that the Counties Code (55 ILCS 5/3—14001 *et seq.* (West 1998)) did not adopt the provisions of the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1998)). The District further asserted that if the claim was properly brought under administrative review, Nudell failed to file his complaint within 35 days from the date that a copy of the decision sought to be reviewed was served upon him. On July 23, 1998, the circuit court dismissed the District's motion to dismiss.

On March 5, 1999, upon administrative review, the circuit court reversed and remanded the case back to the Commission for further proceedings. In its written order, the circuit court noted that the Commission, using the Manual of Rules and Regulations of the Department of Law Enforcement (Manual of Rules), charged Nudell with several violations of the rules. The court reasoned that some of the charges were "vague and overbroad while others are completely without support in the record." The court held that absent a published policy on sexual harassment, "supporting the decision below becomes problematic." Relative to the single charge of insubordination, the court noted that the Manual of Rules clearly defined what constituted insubordination and the record supported the Commission's finding that Nudell did commit the act. However, the court stated that it "would need more information to uphold a decision to discharge Nudell on the basis of the single incident of insubordination chronicled in this record."

Nudell filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division (*Nudell v. Nevius*, No. 98—C—3719 (N.D. Ill. April 5, 1999)), based on the circuit court's focus on due process and equal protection issues. The federal case was stayed pending the resolution of the state court proceedings.

On May 25, 1999, the Commission conducted a hearing pursuant to the circuit court's March 1999 remand. Several officers testified,

including the female officer that was allegedly subjected to the sexual harassment, Nudell's supervisor, and Nudell, himself.

In its November 5, 1999, written order, the Commission held that Nudell "clearly violated departmental rules relating to lack of courtesy, wilful maltreatment of a person and maintaining a professional demeanor, as well as other rules cited by [the District]." The Commission found that the District maintained a specific sexual harassment policy and that Nudell's "outrageous and recurring conduct" violated that policy. The Commission held that the sexual harassment and insubordination charges were sustained and were sufficient to support the termination of Nudell's employment.

On December 2, 1999, Nudell filed a complaint for administrative review of the Commission's November 1999 decision, asserting that the decision was erroneous, contrary to the prior court ruling, and contrary to the manifest weight of the evidence introduced at the Commission hearing.

On April 19, 2000, Nudell filed a motion for judgment seeking reversal of the Commission's findings and decision. The motion asserted that the Commission based its decision on factors outside the scope of the remand, the finding of insubordination was against the manifest weight of the evidence, Nudell was never informed of the rules against sexual harassment, and Nudell did not commit sexual harassment.

In July 19, 2000, the District filed a motion in opposition to Nudell's request for administrative review. That motion asserted that Nudell's insubordination warranted discharge, the Commission's decision to consider the District's rules regarding sexual harassment was consistent with the remand order, the Commission's decision in the initial hearing was fully supported by the evidence, and the rules that Nudell violated were not fatally vague or otherwise unenforceable.

On August 19, 2000, the circuit reversed the decision of the Commission, reasoning that "[d]ischarge for that sole offense of insubordination, under the circumstances of this case is too harsh a penalty." Further, "[h]ad the District intended to charge Nudell with sexual harassment, they should have done so. Instead, as this Court ruled in the previous case, the charges brought against Nudell are vague and not directed to specific conduct in a way that would have provided him with meaningful due process."

## ANALYSIS

### I

The District's preliminary assertion is that Nudell's initial complaint for administrative review did not vest the circuit court with

subject matter jurisdiction because it was filed more than 35 days after service of the Commission's decision. Nudell responds that the Commission's decision was never served on Nudell, was mailed to an incorrect address for his attorney, and was not received until April 6, 1998.

■ Section 3—103 of the Administrative Review Law (735 ILCS 5/3—103 (West 1998)) provides:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within *35 days from the date that a copy* of the decision sought to be reviewed *was served upon the party affected* by the decision \*\*\*." (Emphasis added.) 735 ILCS 5/3—103 (West 1998).

A decision is considered served when it is deposited in the United States mail. *Lutheran General Health Care System v. Department of Revenue*, 231 Ill. App. 3d 652, 659, 595 N.E.2d 1214 (1992), citing *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 403, 451 N.E.2d 842 (1983). Moreover, Supreme Court Rule 11(a) (145 Ill. 2d R. 11(a)) provides that "[i]f a party is represented by an attorney of record, service shall be made upon the attorney." Therefore, service of the decision on Nudell's attorney, rather than Nudell, was sufficient.

■ When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Carver v. Nall*, 186 Ill. 2d 554, 557, 714 N.E.2d 486 (1999). The court should grant the motion only if the plaintiff can prove no set of facts that would support the cause of action. *Carver*, 186 Ill. 2d at 557. On appeal, review of a decision on a motion to dismiss is *de novo*. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189, 680 N.E.2d 265 (1997).

■ The Commission in the instant case made its initial decision to terminate Nudell on March 3, 1998. The record includes an affidavit from Patricia Marcy, administrator for the Commission, which affirms that she deposited a copy of the Commission's decision addressed to Nudell's attorney's office on March 25, 1998, in the United States certified mail, with return receipt requested. Also, attached to the affidavit was a copy of the return receipt reflecting Nudell's attorney received the document on April 6, 1998. Nudell filed his complaint for administrative review on May 5, 1998.

We hold that the 35-day period provided in section 3—103 of the Administrative Review Law (735 ILCS 5/3—103 (West 1998)) commenced when the decision was deposited in the United States mail. See *Cox*, 96 Ill. 2d at 402-03. Thus, Nudell's May 5, 1998, motion for administrative review was not timely. In order for Nudell's motion to have been timely, the Administrative Review Law required that it be

filed on April 29, 1998, or sooner, as April 29, 1998, was the thirty-fifth day following the March 25, 1998, mailing.

Accordingly, the circuit court in the instant case erred in denying the District's motion to dismiss the initial complaint for administrative review, as the court lacked jurisdiction. For the foregoing reasons, the circuit court's order is vacated and the orders of the Commission discharging Nudell are reinstated.

Based upon our holding to vacate the circuit court's order due to lack of jurisdiction, we do not reach the other issues presented on appeal.

Order vacated.

COHEN, P.J., and TULLY, J., concur.