SIXTH DIVISION

MAY 16, 2003 

1-01-2080

AMANDA MOREN, ) Petition for Review of Order of

) The Illinois Department of Human Rights

Petitioner-Appellant, )

)

v. )

)

THE ILLINOIS DEPARTMENT OF HUMAN )

RIGHTS, ALICE M. RALPH, Chief Legal ) No. 2000 CF 1135

Counsel Designee to The Illinois Department of )

Human Rights, and THE ILLINOIS )

DEPARTMENT OF CHILDREN AND )

FAMILY SERVICES, )

)

Respondents-Appellees. )

OPINION UPON DENIAL OF REHEARING

JUSTICE TULLY delivered the opinion of the court:

On October 28, 1999, petitioner, Amanda Moren, filed a complaint with respondent, The Illinois Department of Human Rights (the Department), alleging racial discrimination against respondent, The Department of Children and Family Services (DCFS).  On September 26, 2000, the Department dismissed petitioner's complaint holding that it lacked jurisdiction over certain allegations because the complaint was untimely and that there was a lack of substantial evidence to support the remaining allegations.  Petitioner filed a request for review with the Chief Legal Counsel of the Department.  On May 7, 2001, the Chief Legal Counsel Designee (the Designee), Alice M. Ralph, entered an order sustaining the dismissal of petitioner's complaint.  On June 18, 2001, petitioner filed a petition for administrative review in this court pursuant to section 3-113 of the Administrative Review Law (735 ILCS 5/3-113 (West 2000)) and Supreme Court Rule 335 (155 Ill. 2d R. 335).  We affirm.

Before reaching the merits of petitioner's petition for review, we must address the issue of jurisdiction.  We have an independent duty to determine whether our jurisdiction for direct judicial review of an administrative order has been properly invoked even though the parties have not raised the issue.  
Hardee's Food Systems, Inc. v. The Illinois Human Rights Commission
, 155 Ill. App. 3d 173, 175 (1987).  Section 8-111(a)(1) of the Illinois Human Rights Act provides that "any complainant or respondent may apply for and obtain judicial review of any final order *** by filing a petition for review in the Appellate Court within 
35 days
 from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision."  (Emphasis added.)  775 ILCS 5/8-111(a)(1) (West 2000).  The 35-day time limit is jurisdictional and a complaint must be dismissed for lack subject matter jurisdiction if a petition for review is not timely filed.  See 
Nudell, v. The Forest Preserve District of Cook County
, 333 Ill. App. 3d 518, 522-23 (2002) (considering petition for administrative review filed in the circuit court).

In the case before us, the Chief Legal Counsel Designee issued an order and served it on petitioner by mail on May 7, 2001.  Petitioner filed her petition for review in this court on June 18, 2001.  The time between serving the order and filing the petition was 42 days.  In our original disposition, we concluded that the petition was untimely and we lacked jurisdiction to consider the merits of petitioner's appeal.

Petitioner filed petition for rehearing, arguing the her petition for administrative review was timely.  Petitioner argued that the Department's decision was served on her by mail, and that the Department's regulations provided her an additional five days to file her petition for review because the decision was filed by mail.  See 56 Ill. Adm. Code § 2520.20 (2002).  Petitioner argued that, accordingly, he petition would have been timely if filed within 40 days.  Petitioner further argued that, because the 40th day fell on a Saturday, it was timely when filed on the following Monday even though 42 days had elapsed from the date of the Department's decision.

The relevant regulation provides, in pertinent part:  "Whenever a time period commences upon a person's receipt of service or notice, and service is by mail, receipt shall be presumed to occur on the fifth day after mailing."  56 Ill. Adm. Code §2520.20 (2002).  This provision, however, is inconsistent with the rule generally applied in administrative review cases, which is that the time period for filing a complaint for administrative review commences on the date that the challenged order is mailed.  See 
Nudell
, 333 Ill. App. 3d at 522, citing 
Lutheran General Health Care System v. Department of Revenue
, 231 Ill. App. 3d 652, 659 (1992).  This provision is also apparently in conflict with section 3-113(a) of the Administrative Review Law which provides:

"The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served when a copy is personally delivered or when a copy of the decision is deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business."  735 ILCS 5/3-113(a) (West 2000).

The Illinois Human Rights Act (775 ILCS 5/1-101 
et seq.
 (West 2000)) does not provide a method for serving the decision of the Chief Legal Counsel following a request for review.  See 775 ILCS 5/7-101.1(a) (West 2000) (request for review); 775 ILCS 5/8-111(a)(1) (West 2000) (judicial review).

The question before us therefore, is whether, in the absence of a provision in the Human Rights Act governing the service of notice, we should consider the Department's regulation when interpreting the time limit of section 113 of the Administrative Review Law.  Generally, courts give deference to the interpretation by an administrative agency of the statute it is charged with administering and enforcing.  
People ex rel. Birkett v. City of Chicago
, 202 Ill. 2d 36, 46 (2002).  Previous cases have accorded this deference to regulations affecting the right to administrative review.  See 
Water Pipe Extension, Bureau of Engineering, Laborers Local 1092 v. City of Chicago
, 195 Ill. App. 3d 50 (1990) (hereinafter 
Local 1092
).  For example in 
Local 1092
, the reviewing court considered a regulation of the Illinois Labor Relations Board that provided that:

" 'Whenever a time period begins running upon the service of notice or other document upon a party, and service is effected by mail, three days shall be added to the prescribed period.' "  
Local 1092
, 195 Ill. App. 3d at 56, quoting 80 Ill. Adm. Code § 1200.30 (1985).

The reviewing court concluded that the regulation was entitled to deference and that the petitioner was entitled to an additional three days to file its petition for administrative review.  
Local 1092
, 195 Ill. App. 3d at 56.

We agree with the analysis in 
Local 1092
, and believe that it is appropriate to interpret the time limit of section 113 of the Administrative Review Law as if the 5-day mailing presumption contained in the Department's regulation was a part of the Human Rights Act.  Moreover, we believe that it would be fundamentally unfair to penalize petitioner for relying on procedural rules promulgated by the very agency from which she seeks judicial review.  Therefore, we conclude that petitioner's petition for judicial review was timely and this court has jurisdiction to consider its merits.

It is well settled that we review the decision to sustain the dismissal of a human rights violation charge against an abuse-of-discretion standard.  
Welch v. Hoeh
, 314 Ill. App. 3d 1027, 1034 (2000).  Essential to a claim of discrimination is proof that the adverse treatment by the employer was motivated by the complainant's membership in a protected class.  See 
Koulegeorge v. The Human Rights Commission
, 316 Ill. App. 3d 1079, 1094 (2000).

Petitioner, who is white, contends that she was harassed because of race-related activities, 
i.e.
, she had a bi-racial son and/or was perceived as being romantically involved with African-American men.  Petitioner identifies two instances of harassment:  (1) a supervisor at DCFS, who was not petitioner's direct supervisor, discovered one of petitioner's time sheets and made negative notations before forwarding it to petitioner's supervisor; and (2) the same supervisor spread rumors that petitioner was having sexual relations with several African-American men.  Even if we assume that this conduct was sufficient to constitute harassment, we find that the record lacks evidence that would establish that this alleged harassment was motived by petitioner's race-related activities.  For example, petitioner did not present evidence that the supervisor had an opportunity to make similar negative comments on the time sheets of employees who did not have bi-racial children and refrained from doing so.  Similarly, petitioner did not present evidence that the supervisor spread rumors about the sexual activities of couples of different races, but refrained from doing so when given the opportunity to spread similar rumors about couples of the same race.  Petitioner did allege that the supervisor had made racially derogatory comments in the past.  However, occasional or sporadic remarks are generally insufficient to establish that adverse treatment was motivated by race or national origin.  See 
Hong v. Children's Memorial Hospital
, 993 F.2d 1257, 1266 (1993).  Therefore, we conclude that the Designee's decision to affirm the dismissal of the harassment count of petitioner's complaint was not an abuse of discretion.

Petitioner also contends that she established disparate treatment because she was terminated when similarly situated individuals were not.  DCFS alleged that petitioner was terminated because she falsified the signature of a coworker on an application for benefits for a family with whom petitioner had a personal relationship.  Petitioner presented the Department with two lists of allegedly similarly situated individuals.  The first list consisted of individuals who allegedly had violated DCFS policy regarding conflicts of interest, and the second list consisted of individuals who had allegedly violated DCFS policy regarding falsification of documents.  We find petitioner's reference to these lists unpersuasive because she identifies no similarly situated individual who violated both the conflict-of-interest policy and falsification-of-documents policy when preparing a document that could lead to the payment of benefits.  Therefore, we conclude that the decision of the Designee to affirm the dismissal of the termination count of petitioner's complaint was not an abuse of discretion.

The judgment of the Department of Human Rights is affirmed.

Affirmed.

O'BRIEN, P.J., concurs.

O'MARA FROSSARD, J., dissents.

JUSTICE O’MARA FROSSARD, dissenting:

The standard of review is whether the Chief Legal Counsel, or her Designee, abused her discretion in sustaining the Department’s initial dismissal of Moren’s civil rights charge for “lack of substantial evidence.”  
Traficano v. Department of Human Rights
, 297 Ill. App. 3d 435 (1998).

Moren is required to provide the Department and then the Designee, a 
prima

facie
 case of unlawful discrimination by substantial evidence and proof of  pretext, by substantial evidence.  
McConnell Douglas Corp. v. Greene
, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973); 
Zaderaka  v. Illinois Human Rights Commission
, 131 Ill. 2d 172 (1989).  “Substantial evidence is evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla, but may be somewhat less than a preponderance.”  775 ILCS par. 7A-102(D)(2).  The record reflects that Moren has supplied the Designee with sufficient evidence to demonstrate that genuine issues of material fact exist as to each element of her two count complaint and as to the issue of pretext.  Moreover, regarding the issue of pretext, the record reflects evidence that Moren did not recommend any benefit to M. Wilson, that he was not otherwise entitled to receive.

Based on the record, the Designee’s decision to affirm the Department’s dismissal of Moren’s charge of unlawful discrimination regarding the following two counts: Count B alleging Moren was subjected to unlawful harassment because of her race, white and her race related activities with race black individuals; and Count C alleging unfair discharge based upon her race, white and race related activity (biracial child) constitutes an abuse of discretion.  I would reverse the initial “lack of substantial evidence” findings made by the Designee as to both counts and remand the case for further investigation.

I respectfully dissent.