(No. 94679.—

MICHAEL NUDELL, Appellant, v. THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee.

*Opinion filed October 17, 2003.*

Mark D. DeBofsky, of Daley, DeBofsky & Bryant, of Chicago, for appellant.

Jonathan A. Rothstein and Frederick S. Rhine, of Gessler, Hughes, Socol, Piers, Resnick & Dym, Ltd., of Chicago, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

At issue in this case is whether the 35-day period for filing a complaint under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1998)) begins to run on the date that the agency decision is deposited in the United States mail or on the date that the decision is actually received by the party affected by the decision. The appellate court held that the 35-day period begins to run on the date that the agency decision is deposited in the United States mail. 333 Ill. App. 3d 518. For the following reasons, we affirm the decision of the appellate court.

## BACKGROUND

Plaintiff, Michael Nudell, filed a complaint for administrative review of a decision of the Civil Service Commission of Cook County (the Commission) terminating his employment as a police officer with defendant,

Forest Preserve District of Cook County (the District). Plaintiff began his employment as a District police officer in October 1987. On June 12, 1997, plaintiff was suspended by the District for 29 days following an internal investigation and predisciplinary hearing concerning allegations of sexual harassment and insubordination. The Commission conducted an evidentiary hearing, found that the charges against plaintiff were sustained, and ordered termination of plaintiff's employment as a police officer. The Commission deposited a copy of its decision addressed to plaintiff's attorney in the United States mail on March 25, 1998. Due to the relocation of the attorney's office, the decision was not received by the attorney until April 6, 1998.

Plaintiff filed his complaint in the circuit court of Cook County on May 5, 1998. The District filed a motion to dismiss plaintiff's complaint on the ground, *inter alia*, that the complaint was not timely because it was filed more than 35 days from the date that the Commission mailed the decision to plaintiff. The circuit court denied the defendant's motion to dismiss. The circuit court then upheld the Commission's finding that plaintiff was insubordinate, but rejected a finding that plaintiff had violated Cook County's policy against sexual harassment. The circuit court found that there was an insufficient record to establish a violation of the policy against sexual harassment, and remanded the matter to the Commission for further findings on that issue.

Upon remand, and following further hearing, the Commission again found that the charges against plaintiff were sustained and ordered the termination of plaintiff's employment. Plaintiff filed a second complaint for administrative review in the circuit court on December 2, 1999. The circuit court set aside the findings of the Commission. The circuit court held that the charges of sexual harassment were vague and were not directed to

specific conduct. The circuit court stated that the only charge surviving scrutiny was the charge of insubordination. The circuit court concluded that discharge was too harsh a penalty for the offense of insubordination, and held that plaintiff's punishment should be no more than the 29-day suspension that plaintiff already had served.

The Commission appealed the circuit court's ruling. The appellate court noted that section 3—103 of the Administrative Review Law (735 ILCS 5/3—103 (West 1998)) provides that a complaint for review of a final administrative decision must be filed within 35 days from the date that a copy of the decision to be reviewed is served upon the party affected by the decision. 333 Ill. App. 3d at 522. The appellate court further noted that section 3—103 provides that a decision is served when it is deposited in the United States mail. 735 ILCS 5/3—103 (West 1998). In this case, the Commission deposited a copy of its decision in the United States mail on March 25, 1998. 333 Ill. App. 3d at 522. The thirty-fifth day from March 25, 1998, was April 29, 1998. 333 Ill. App. 3d at 522-23. Plaintiff's initial complaint, however, was not filed until May 5, 1998, and therefore was not timely. 333 Ill. App. 3d at 522. The appellate court held that the circuit court should have granted the District's motion to dismiss plaintiff's initial complaint for administrative review because the circuit court lacked jurisdiction over the complaint. 333 Ill. App. 3d at 523. Accordingly, the appellate court vacated the circuit court's order. 333 Ill. App. 3d at 523.

This court then granted plaintiff's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## ANALYSIS

The Administrative Review Law provides that parties to a proceeding before an administrative review agency shall be barred from obtaining judicial review of an agency's administrative decision unless review is sought

within the time and manner set forth in the statute. 735 ILCS 5/3—102 (West 1998). With regard to the time for filing a complaint for administrative review, section 3—103 provides, in pertinent part:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision[.]

\* \* \*

> The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when a copy of the decision is deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business." 735 ILCS 5/3—103 (West 1998).

The parties agree that no method of service is provided in the statute governing the proceedings before the Commission (see 55 ILCS 5/3—14011 through 3—14015 (West 1998)), so that section 3—103 applies to determine the date of service of the administrative decision. The parties disagree, however, concerning whether the portion of section 3—103 providing that "a decision shall be deemed to have been served \*\*\* when \*\*\* deposited in the United States mail" in fact means that a decision is deemed to have been served when *deposited* in the United States mail, or actually means that a decision is deemed to have been served when *received* by the party affected thereby. The parties note that there are conflicting decisions from this court that support either interpretation of section 3—103. Where this court has adopted conflicting interpretations of the same statute, the duty of this court is to clarify and resolve its previous decisions. *Williams v. Crickman*, 81 Ill. 2d 105, 111

(1980). Because the issue in this case concerns the interpretation of a statute, the issue presents a question of law and our review is *de novo*. *King v. Industrial Comm'n*, 189 Ill. 2d 167, 171 (2000).

In support of its interpretation, the District cites *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399 (1983), which the appellate court relied on in finding that plaintiff's initial complaint was untimely. In *Cox*, this court stated that the "statutory provision [section 3—103, formerly Ill. Rev. Stat. 1979, ch. 110, par. 267] is clear and unequivocal. Since the statute which governed the proceeding before the defendant board [citation] provides no method of service, the decision was served when deposited in the United States mail." *Cox*, 96 Ill. 2d at 403.

In response, plaintiff claims that *Cox* is both an aberration and is distinguishable. Plaintiff cites *Lockett v. Chicago Police Board*, 133 Ill. 2d 349 (1990), and *Carver v. Nall*, 186 Ill. 2d 554 (1999), in support of his claim that his complaint was timely because it was filed within 35 days of his receipt of the administrative decision. In *Lockett*, this court stated: "[a]s noted previously, section 3—103 of the act provides that an action to review an administrative decision shall be commenced 'by the filing of a complaint and the issuance of summons within 35 days' of receipt of the decision being appealed." (Emphases omitted.) *Lockett*, 133 Ill. 2d at 354. Subsequently, in *Carver*, this court quoted the preceding statement from *Lockett*. See *Carver*, 186 Ill. 2d at 559.

Plaintiff argues that this court should reverse the appellate court's decision to follow *Cox*. Plaintiff claims that the language at issue in *Cox* is *obiter dictum*, and thus is not binding as authority or precedent. Plaintiff then argues that even if the remark in *Cox* would be considered judicial *dictum* rather than *obiter dictum*, the comments in *Lockett* and *Carver* have the same signifi-

cance as the comment in *Cox*. Accordingly, because the comments in *Lockett* and *Carver* are this court's most recent pronouncements on the issue, those comments should supersede the earlier statement in *Cox*.

This court has explained the difference between *obiter dictum* and judicial *dictum*. We have noted that:

> "The term *'dictum'* is generally used as an abbreviation of *obiter dictum*, which means a remark or opinion uttered by the way. Such an expression or opinion as a general rule is not binding as authority or precedent within the *stare decisis* rule. [Citation.] On the other hand, an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, if *dictum*, is a judicial *dictum*. [Citations.] And further, a judicial *dictum* is entitled to much weight, and should be followed unless found to be erroneous. [Citation.] Even *obiter dictum* of a court of last resort can be tantamount to a decision and therefore binding in the absence of a contrary decision of that court. [Citation.]" *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993).

With the foregoing distinctions in mind, we first must examine the statements in *Cox*, *Lockett* and *Carver* to determine whether those statements were *dictum*, and if so, whether the statements were *obiter dictum* or judicial *dictum*.

In *Cox*, the plaintiff filed an action in the circuit court seeking review of a decision of the board of fire and police commissioners of the City of Danville under the Administrative Review Law. *Cox*, 96 Ill. 2d at 400-01. The circuit court granted defendant's motion to dismiss the complaint on the ground that the complaint was not timely filed. *Cox*, 96 Ill. 2d at 401. The circuit court noted that the complaint had been filed within the 35-day period fixed by section 3—103, but nonetheless was not timely because the summons was not issued until the thirty-sixth day. *Cox*, 96 Ill. 2d at 401. The appellate court affirmed. *Cox*, 96 Ill. 2d at 401.

In his appeal to this court, the plaintiff argued that this court first had to "decide whether the 35-day period commenced with the date of mailing of the notice of decision or whether the act of mailing served merely to create a rebuttable presumption that the notice of decision was received." *Cox*, 96 Ill. 2d at 402. The plaintiff cited this court's decision in *Pearce Hospital Foundation v. Illinois Public Aid Comm'n*, 15 Ill. 2d 301 (1958), in support of his claim that the time for filing a complaint under the Administrative Review Law begins to run upon receipt of the notice of decision. *Cox*, 96 Ill. 2d at 402. This court disagreed with plaintiff, noting that the court in *Pearce Hospital* was not presented with the question of whether the section 3—103 statutory period began to run from the date of mailing or the date of receipt of the notice of decision. *Cox*, 96 Ill. 2d at 402-03. We then stated that:

> "The statutory provision is clear and unequivocal. Since the statute which governed the proceeding before the defendant board (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17) provides no method of service, the decision was served when deposited in the United States mail." *Cox*, 96 Ill. 2d at 403.

This court then agreed with the plaintiff that he should not be denied his day in court due to the failure of the clerk's office to issue the summonses on the day they were delivered, as the issuance of summons is mandatory and not jurisdictional. *Cox*, 96 Ill. 2d at 403-04. We noted that the plaintiff had acted with diligence in presenting the summonses to the clerk and held that, on the record, plaintiff's action was timely commenced. *Cox*, 96 Ill. 2d at 404.

Based upon the foregoing, it is clear that our statement in *Cox* that the 35-day period commences when a decision is deposited in the United States mail is judicial *dictum* and not *obiter dictum*. The issue of whether the 35-day period begins to run upon the date that the deci-

sion was mailed or the date that the decision was received was argued by counsel and deliberately passed upon by this court. See *Cates*, 156 Ill. 2d at 80.

In contrast, we find that the statements at issue in *Lockett* and *Carver* were *obiter dictum*. See *Cates*, 156 Ill. 2d at 80. At issue in *Lockett* was whether the superintendent of the Chicago police department was a necessary party to the plaintiff's action for administrative review and, if so, whether the failure to join the superintendent as a party and to issue summons could be cured by amendment made after the expiration of the 35-day period. *Lockett*, 133 Ill. 2d at 352. This court determined that the superintendent was a necessary party and further held that plaintiff's failure to show that he had made a good-faith effort to issue summons on the superintendent within the 35-day statutory period required dismissal of plaintiff's complaint. *Lockett*, 133 Ill. 2d at 355-56. It was in addressing whether the circuit court had properly denied plaintiff leave to amend his complaint to join the superintendent as a defendant that this court stated: "section 3—103 of the act provides that an action to review an administrative decision shall be commenced 'by the filing of a complaint and the issuance of summons within 35 days' of receipt of the decision being appealed. [Emphases omitted.] (Ill. Rev. Stat. 1985, ch. 110, par. 3—103 [now 735 ILCS 5/3—103].)" *Lockett*, 133 Ill. 2d at 354.

As a preliminary matter, we note that this statement may simply have been a misstatement concerning the language in section 3—103. In stating that a complaint must be filed within 35 days of receipt of the decision being appealed, this court cited section 3—103, which expressly provides that service occurs when a decision is deposited in the United States mail, not when the decision is received by the party. In any event, the statement or misstatement concerning section 3—103 did not ad-

dress a point in the case argued by counsel or deliberately passed upon by this court. Accordingly, the statement was at best *obiter dictum*, which is not binding as authority or precedent within the *stare decisis* rule. See *Cates*, 156 Ill. 2d at 80.

Similarly, in *Carver*, the issue was whether the trial court had properly dismissed the plaintiff's complaint for administrative review for failure to have the summons issued timely. *Carver*, 186 Ill. 2d at 556. In addressing whether the plaintiff had shown that she made a "good-faith" effort to comply with section 3—103 and have her summons issued within 35 days after the defendant mailed its decision to her, this court quoted the portion of *Lockett* stating that "section 3—103 of the Act requires that an action for administrative review 'be commenced "by the filing of a complaint and the issuance of summons within 35 days" of receipt of the decision being appealed.' " *Carver*, 186 Ill. 2d at 559, quoting *Lockett*, 133 Ill. 2d at 354. This court then noted that it had distinguished the requirement of a timely filed complaint, which is jurisdictional, from the requirement of a timely issued summons, which is mandatory but not jurisdictional. *Carver*, 186 Ill. 2d at 559. This court concluded that plaintiff had not made a "good-faith" effort to secure issuance of summons in her case and, therefore, affirmed the dismissal of plaintiff's complaint for failure to have the summons timely issued. *Carver*, 186 Ill. 2d at 561.

As in *Lockett*, the statement in *Carver* concerning section 3—103 did not address a point in the case argued by counsel or deliberately passed upon by this court. The court in *Carver* simply quoted *Lockett* in generally discussing section 3—103. Accordingly, the statement in *Carver* also was at best *obiter dictum*. See *Cates*, 156 Ill. 2d at 80. *Obiter dictum* of a court of last resort can be tantamount to a decision and therefore binding only in the absence of a contrary decision of that court. *Cates*,

156 Ill. 2d at 80. *Cox*, which directly addressed the issue of when the 35-day period in section 3—103 begins to run, reached a holding which was contrary to the statements in *Carver* and *Lockett*.

Based upon the foregoing, we find that *Cox* rather than *Lockett* and *Carver* sets forth the correct statement of law concerning section 3—103. In so holding, we note that in support of his claim that *Cox* is an aberration, plaintiff argues that on at least one other occasion, this court has focused on the receipt of notice when determining whether service is effective. See *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202 (1985). In addition, plaintiff claims that the appellate court on several occasions has applied the same interpretation of section 3—103 as the courts in *Lockett* and *Carver*. See *Keller v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 245 Ill. App. 3d 48 (1993); *Poturalski v. Police Board of the City of Chicago*, 228 Ill. App. 3d 864 (1992); *A-1 Security Services, Inc. v. Stackler*, 61 Ill. App. 3d 285 (1978).

We are not persuaded that the decisions cited by plaintiff compel a different result in this case. In *Fredman*, the issue was whether the 35-day period set forth in section 3—103 ran from the date that the agency decision was issued or the date that the plaintiff's motion for rehearing was denied. *Fredman Brothers*, 109 Ill. 2d at 206. The court in *Fredman* never addressed the issue of whether the 35-day period set forth in section 3—103 runs from the date the decision is deposited in the United States mail or the date the decision is received by the party. Similarly, the appellate court in both *Keller* and *Poturalski* never addressed the issue of whether a complaint for administrative review must be filed within 35 days of the mailing of or the receipt of an agency decision. In addition, although the court in *A-1 Security Services* did address whether a complaint for administra-

tive review must be filed within 35 days of receipt of the agency decision or the mailing of the agency decision, the court in *A-1* relied upon *Pearce Hospital Foundation v. Illinois Public Aid Comm'n*, 15 Ill. 2d 301 (1958), to find that the date of service of an administrative decision is the date it is received. *A-1 Security Services*, 61 Ill. App. 3d at 287. In *Cox*, this court rejected the argument that *Pearce Hospital* stands for the proposition that the time for filing a complaint for administrative review runs from the date notice was received. *Cox*, 96 Ill. 2d at 402. We noted in *Cox* that the issue in *Pearce Hospital* "was whether the order of the agency was an administrative decision from which an appeal could be taken" and that the case "did not present the question whether the statutory period commenced to run from the date of mailing or the date of receipt." *Cox*, 96 Ill. 2d at 402-03.

In contrast, in those cases where the appellate court did address whether a complaint for administrative review must be filed within 35 days of the mailing or the receipt of an agency decision, the appellate court consistently has held that a complaint for administrative review must be filed within 35 days of the mailing of the decision. See *Laristos, Inc. v. City of Chicago License Appeal Comm'n*, 309 Ill. App. 3d 59, 65 (1999) ("the LAC served its order on [plaintiff] *** when the staff assistant deposited a copy of the order in the mail with the correct address and postage"); *Board of Education of St. Charles Community Unit School District, No. 303 v. Adelman*, 137 Ill. App. 3d 965, 968 (1985) ("it has been provided by statute and rules of procedure that such a decision of this administrative agency will be deemed served when mailed, and it is clear plaintiff's petition for administrative review of this decision was thus not timely filed [on the thirty-sixth day after the date of mailing]"); *Schlobohm v. Police Board*, 122 Ill. App. 3d 541, 544 (1984) ("Since service in this case was not personally

made, under the [Administrative Review] Act it was served when deposited in the United States mails. *** The language of section 4 [now section 3—103] makes no exception for certified or registered mail"); *Ellis v. Miller*, 119 Ill. App. 3d 579 (1983) (affirming circuit court's dismissal of action as untimely where plaintiff's complaint for administrative review was not filed within 35 days of the date of mailing the final administrative decision); *Chin v. Department of Public Aid*, 78 Ill. App. 3d 1137, 1140 (1979) ("trial court did not err in dismissing plaintiff's complaint which was filed 42 days after the decision was deposited in the mail"); *Thompson v. Illinois Civil Service Comm'n*, 63 Ill. App. 3d 153, 156 (1978) ("the explicit language of section 4 [now section 3—103] states that a decision is deemed to have been served when deposited in the mail").

Plaintiff then claims that *Cox* can be read to support his position. Plaintiff observes that we stated in *Cox* that "[a]n established rule of statutory construction in this jurisdiction is that courts will 'liberally construe a right to appeal so as to permit a case to be considered on its merits.' " *Cox*, 96 Ill. 2d at 403, quoting *Glasco Electric Co. v. Department of Revenue*, 86 Ill. 2d 346, 351-52 (1981).

This statement, however, concerned the issuance of summons, which is mandatory and not jurisdictional. See *Cox*, 96 Ill. 2d at 403-04. In contrast, the requirement that a complaint for administrative review be filed within the specified time limit is jurisdictional. *Fredman Brothers*, 109 Ill. 2d at 210-11. As set forth in article VI, section 9, of the 1970 Constitution, the circuit court enjoys "original jurisdiction of all justiciable matters" and *"such power to review administrative action as provided by law."* (Emphasis added.) Ill. Const. 1970, art. VI, §9. If the mode of procedure for administrative review, as provided by law, is not strictly followed, no jurisdiction is conferred

on the circuit court. *Fredman Brothers*, 109 Ill. 2d at 210. Section 2 of the Administrative Review Law provides that unless review of an administrative decision is sought within the time and manner provided in the statute, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review. 735 ILCS 5/3—102 (West 1998). Consequently, the filing of a complaint within the 35-day time limit is required to confer subject matter jurisdiction upon the circuit court. *Fredman Brothers*, 109 Ill. 2d at 211; see also *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 338-39 (2002) (discussing *Fredman Brothers* and the circuit court's exercise of jurisdiction in the administrative review area). If a complaint is not timely filed, even a liberal construction of the right to appeal cannot confer subject matter jurisdiction upon the court. For the same reason, we also reject plaintiff's claim that section 3—103 should be liberally construed because the Administrative Review Law is part of the Code of Civil Procedure (the Code), which provides in section 1—106 (735 ILCS 5/1—106 (West 1998)) that the Code should be liberally construed.

Finally, plaintiff argues that a ruling in his favor would be consistent with Illinois Supreme Court Rule 105(b)(2), which provides that service by certified or registered mail "is not complete until the notice is received by the defendant." 134 Ill. 2d R. 105(b)(2). Plaintiff notes that the decision in this case was sent by certified mail, so that it was not served until received by plaintiff's attorney. As the District observes, however, plaintiff has waived any claim that Rule 105(b)(2) applies in this case by failing to raise this issue in the circuit court, the appellate court, or in his petition for leave to appeal to this court. See *Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d 420, 429 (2002) ("parties may not raise arguments for the first time on appeal.") In any event,

as additionally noted by the District, Rule 105(b)(2) concerns additional relief against parties in default and notice thereof, and has no application to the Administrative Review Law. See 134 Ill. 2d R. 105(b)(2).

Section 3—103 could not be more clear: "a decision shall be deemed to have been served *** *when a copy of the decision is deposited* in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business." (Emphasis added.) 735 ILCS 5/3—103 (West 1998). There is no rule of construction that allows a court to declare that the legislature did not mean what the plain language of the statute imports. *People v. Woodard,* 175 Ill. 2d 435, 443 (1997). Accordingly, to the extent that our decisions in *Lockett* and *Carver* suggest that section 3—103 means "when received" rather than "when deposited," we find that the statements in those cases are in error and are overruled.

In light of our finding that plaintiff's complaint was not timely filed pursuant to section 3—103, we need not address plaintiff's second argument that this court should affirm the circuit court's finding that the Commission violated plaintiff's right to due process and that discharge was too harsh a penalty for the offense of insubordination.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Appellate court judgment affirmed.*