# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98033**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE L. WILSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535921

**BEFORE:** Blackmon, A.J., Boyle, J., and Jones, J.

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mary H. McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Andre L. Wilson ("Wilson") appeals the trial court's denial of his petition for postconviction relief and assigns the following three errors for our review:

> **I. Defendant was denied due process of law when the court dismissed the postconviction petition without a hearing where defendant asserted substantive ground for relief.**
>
> **II. Defendant was denied due process of law when the court summarily discounted evidence of support of a petition for postconviction relief.**
>
> **III. Defendant was denied due process of law when the court failed to give any credence to petitioner's affidavit and the statements of two observers.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

## Facts

**{¶3}** On December 23, 2010, a jury convicted Wilson of murder, aggravated murder, and kidnapping, along with one and three-year firearm specifications. The trial court separately convicted Wilson of having a weapon while under disability. On January 7, 2011, the trial court sentenced Wilson to an aggregate prison term of 33 years to life in prison.

**{¶4}** Wilson filed a direct appeal from his convictions. This court affirmed the convictions in *State v. Wilson*, 8th Dist. No. 96380,

2012-Ohio-102. While the appeal was pending, Wilson filed a petition for postconviction relief in which he raised the issue that several of the jurors were sleeping during the trial. Attached to the petition was an affidavit by Wilson and two letters from people who attended the trial. The trial court denied the petition noting that Wilson had raised a similar issue in his direct appeal. The court also concluded that Wilson's affidavit attached to his petition was self-serving and refused to consider the letters from the two observers of the trial because they were unsworn.

## Petition for Postconviction Relief

{¶5} We will address Wilson's three assigned errors together because they all concern the trial court's failure to conduct an evidentiary hearing and failure to consider Wilson's evidence attached to his petition.

{¶6} The trial court may summarily dismiss a postconviction petition without a hearing where the petitioner fails to present supporting evidentiary documents sufficient to demonstrate the existence of operative facts supporting the petitioner's entitlement to relief. *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), at syllabus; *State v. Williams*, 162 Ohio App.3d 55, 2005-Ohio-3366, 832 N.E.2d 783, ¶ 23 (6th Dist.).

{¶7} Although a trial court should give deference to affidavits filed in support of a postconviction relief petition, it may exercise its discretion when

assessing the credibility of the affidavits. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, paragraph one of the syllabus. A trial court may discount self-serving affidavits from the petitioner or his family members. *State v. Moore*, 99 Ohio App.3d 748, 755, 651 N.E.2d 1319 (1st Dist.1994). An affidavit is self-serving if it is from a party that is interested in the petitioner's success. *Id.*

**{¶8}** The trial court did not abuse its discretion by finding that Wilson's affidavit was self-serving. The court also did not abuse its discretion by refusing to consider the letters from the two observers. Unsworn letters are not admissible and should not be considered as part of a petition for postconviction relief. *State v. Patterson*, 10th Dist. No. 98AP-1369, 1999 Ohio App. LEXIS 4389 (Sept. 23, 1999); *State v. Vincent*, 4th Dist. No. 92CA1894, 1993 Ohio App. LEXIS 489 (Jan. 28, 1993). Moreover, the letters do not show how these people knew Wilson. One of the letters was written by Roxanne Oliver, who was listed as a witness on Wilson's witness list; therefore, it is likely she has an interest in the outcome of the petition. *See State v. Hough,* 8th Dist. No. 95953, 2011-Ohio-3690 (letters written by those who personally know the defendant were deemed self-serving). Wilson has not indicated whether the writer of the other letter personally knew him.

{¶9} Moreover, even if the affidavit and letters were considered, they did not contain operative facts requiring a hearing. We have no transcript before us, however, in reviewing his direct appeal, this court noted that there was no evidence that jurors were sleeping at the trial and that the assertion that jurors were sleeping was brought up by Wilson, not his attorneys, at his sentencing hearing, after the jury had been excused. An objection to a sleeping juror must be made at trial because the trial court has significant discretion in how it resolves an incident with a sleeping juror. *State v. Sanders*, 92 Ohio St.3d 245, 253, 2001-Ohio-189, 790 N.E.2d 90. Once the jury is excused, it is too late to rectify the error.

{¶10} Even if Wilson contends his attorney was ineffective for failing to object to the sleeping jurors, Wilson must show he was prejudiced by the attorney's failure object. *State v. Guyton*, 8th Dist. No. 88423, 2007-Ohio-2513 (defendant failed to show how he was prejudiced by counsel's failure to object to the sleeping juror). In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶11}** In order to show he was prejudiced, Wilson needs to assert the exact testimony that the sleeping juror missed. *See State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, at ¶ 187. Where there is no evidence that the allegedly sleeping juror missed large or critical portions of the trial, there is no evidence that prejudice occurred. *Sanders,* 92 Ohio St.3d at 253; *see also State v. Steagall*, 8th Dist. No. 83991, 2004-Ohio-5035 (because "the record does not indicate when the juror fell asleep, we cannot determine what, if anything, the juror missed.")

**{¶12}** Accordingly, the trial court properly denied Wilson's petition without an evidentiary hearing because he failed to submit admissible, evidentiary documents containing sufficient operative facts to support his claim for relief. Wilson's three assigned errors are overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
LARRY A. JONES, SR., J., CONCUR