NOTICE

Decision filed 03/17/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180325-U

NO. 5-18-0325

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| JUDY K. CUNNINGHAM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA BAER, Secretary of Department | ) | |
| of Financial and Professional Regulation | ) | No. 17-MR-165 |
| and Director of Division of Professional | ) | |
| Regulation; JEAN M. MAU, Chairperson | ) | |
| of Board of Nursing; and ERIK GRUBER, | ) | |
| Administrative Law Judge, | ) | Honorable |
| | ) | W. Charles Grace, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The order of the circuit court of Jackson County granting the defendants' motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2016)) is affirmed where the plaintiff's complaint for administrative review was untimely.

¶ 2    This appeal arises from the Jackson County circuit court's granting of a motion to dismiss. The plaintiff, Judy K. Cunningham, filed an action for administrative review. She named as defendants: (1) Bryan Schneider, the Secretary of the Department of Financial

1

and Professional Regulation; (2) Jessica Baer,[1] the Director of the Department's Division of Professional Regulation; (3) Jean M. Mau, the Chairperson of the Department's Board of Nursing; and (4) Erik Gruber, a Department Administrative Law Judge. The defendants filed a motion to dismiss which the trial court granted pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)). In granting the defendants' motion, the court found that the filing of the complaint was untimely pursuant to section 3-103 of the Code (*id.* § 3-103). For the reasons that follow, we affirm.

¶ 3      On November 9, 2017, the plaintiff's application for licensure as a registered nurse in the state of Illinois was denied. On November 17, 2017, a copy of the order was mailed to her. On December 28, 2017, the plaintiff filed a complaint in Jackson County seeking administrative review of the order. On February 5, 2018, the defendants filed a motion to dismiss under section 2-619 of the Code arguing that the complaint was time barred. *Id.* § 2-619. On February 21, 2018, the trial court held a hearing on the defendants' motion to dismiss. The defendants argued that the complaint was untimely as it was filed more than 35 days after service of the administrative order on the plaintiff. The court granted the defendants' motion to dismiss. However, upon further review, the court found nothing in the record establishing the date that the order was mailed to the plaintiff and reset the hearing on the motion.

---

[1]Jessica Baer is now both the Acting Secretary of the Department and the Division Director and will replace Schneider in the caption pursuant to section 2-1008(d) of the Code of Civil Procedure (735 ILCS 5/2-1008(d) (West 2016)).

¶ 4    On March 7, 2018, the trial court held a rehearing on the motion to dismiss, during which it granted the defendants two weeks to file an affidavit in support of the section 2-619 motion and likewise gave the plaintiff two weeks to file an affidavit establishing when she first attempted to file her complaint.  On March 21, 2018, the defendants filed the affidavit of Traci Ondrey, an Administrative Assistant II at the Illinois Department of Financial and Professional Regulation (Division of Professional Regulation), wherein she swore that on November 17, 2017, she sent a copy of the administrative order to the plaintiff through the United States mail.  On March 26, 2018, the court granted the motion to dismiss.  This appeal followed.

¶ 5    On appeal, this court reviews the granting of a motion to dismiss pursuant to section 2-619 of the Code *de novo*.  *Cedarhurst of Bethalto Real Estate, LLC v. Village of Bethalto*, 2018 IL App (5th) 170309, ¶ 10.

¶ 6    The Code provides that, unless review is sought in the time and manner prescribed, parties to a proceeding before an administrative review agency shall be barred from obtaining judicial review of the agency's decision.  735 ILCS 5/3-102 (West 2016).  A complaint for administrative review must be filed within 35 days from the date of service of a copy of the decision upon the affected party.  *Id*. § 3-103.  A decision shall have been deemed served when a copy is deposited in the United States mail.  *Id*.

¶ 7    Here, the language of the Code is clear and no rule of statutory construction allows a court to rule that the legislature did not mean what the plain language of the statute purports.  *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424 (2003).

¶ 8 The plaintiff argues that the trial court "fraudulated" the dates of filing and fraudulently dismissed the case for untimeliness. However, the plaintiff cites no case law and nothing in the record to support this claim. The affidavit of Traci Ondrey establishes that a copy of the administrative decision was placed in the United States mail on November 17, 2017. Nothing in the record contradicts this fact. The time for filing a complaint for administrative review expired on December 22, 2017. Therefore, the plaintiff's complaint was untimely when she filed it on December 28, 2017. The court was proper in granting the defendants' motion to dismiss. Therefore, we affirm.

¶ 9 The order of the circuit court of Jackson County is hereby affirmed.

¶ 10 Affirmed.