2024 IL App (1st) 230163-U

No. 1-23-0163

Order filed March 11, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BOGUMILA LOBROW, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF LABOR, BELMONT | ) | No. 21 CH 6000 |
| GROCERIES, LLC D/B/A RICH'S FRESH MARKET, | ) | |
| AND RICHARD MACHNICKI | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Celia G. Gamrath, |
| (Illinois Department of Labor, Defendant-Appellee). | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's orders affirming a decision of the Illinois Department of Labor and denying plaintiff's *pro se* motion to vacate are vacated for lack of jurisdiction, and plaintiff's *pro se* untimely complaint for administrative review is dismissed.

¶ 2    *Pro se* plaintiff Bogumila Lobrow appeals from an order of the circuit court affirming the decision of defendant, the Illinois Department of Labor (Department), to dismiss her claim for

unpaid wages filed pursuant to the Illinois Wage Payment and Collection Act (Act) (820 ILCS 115/1 *et seq.* (West 2016)). On appeal, plaintiff contends that the Department's decision was against the manifest weight of the evidence.[1] She further contends that the circuit court erred by determining that an overtime claim that was dismissed by the Department in 2018 could not be raised on administrative review. Because the circuit court lacked jurisdiction, we vacate its orders affirming the Department and denying plaintiff's motion to vacate, and dismiss plaintiff's untimely *pro se* complaint for administrative review.

¶ 3    We set forth only the facts necessary to understand the issues on appeal.

¶ 4    On April 24, 2017, plaintiff filed a complaint with the Department alleging that Belmont Groceries, LLC d/b/a Rich's Fresh Market (Belmont Groceries), owned by Richard Machnicki, owed her $64,500 in unpaid wages for hours worked between December 1, 2015, and February 5, 2017.[2] The complaint sought $60,000 in regular wages and $4500 in overtime pay at an hourly rate of $25. In May 2018, the Department dismissed the overtime claim.

¶ 5    A hearing was held before an administrative law judge (ALJ) on January 7, 2020, and August 20, 2020. On January 6, 2021, the ALJ filed a decision dismissing plaintiff's claim. Plaintiff filed a timely *pro se* motion to reconsider alleging, relevant here, that the Polish interpreter at the hearing was inaccurate. On March 16, 2021, plaintiff's motion was granted, the dismissal was vacated, and the cause was set for a hearing before a new ALJ with a different interpreter.

¶ 6    On October 12, 2021, a hearing was held with a Polish interpreter present. Plaintiff appeared *pro se* and Belmont Groceries and Machnicki appeared through counsel.

---

[1] On January 26, 2024, we granted the Department's motion to strike plaintiff's *pro se* reply brief because it was prepared by plaintiff's son, a nonlawyer who is not a party to this appeal.

[2] Machnicki's last name is also spelled Macknicki in the record.

¶ 7    Plaintiff testified that Machnicki hired her as a floral designer on December 1, 2015, at an hourly wage of $25. Her hours were reported beginning in January 2016, and her last day was February 5, 2017. She stopped working at Belmont Groceries because of nonpayment of wages.

¶ 8    After two weeks of nonpayment, she spoke to her manager, Maria Sliwinski.[3] Sliwinski was a friend and had offered plaintiff the job. Sliwinski stated that the business was "developing" and plaintiff had to wait for payment, so plaintiff waited for a year. When she complained about nonpayment to her husband, Andrzej Lobrow, he told her about checks that were sent to him.[4]

¶ 9    Plaintiff claimed that, based upon records she received from Belmont Groceries, she worked 1945 hours and "75 minutes." She further calculated 89 hours and 79 minutes of overtime. The ALJ stated that the overtime claim was not before him at this hearing. The ALJ then stated that, based upon plaintiff's testimony that she worked 1945.75 hours at $25 per hour, her alleged unpaid wages totaled $48,643.75.

¶ 10   During cross-examination, plaintiff acknowledged that her husband showed her checks from Belmont Groceries, but denied that those checks were for her. She was interviewed for the job by Machnicki, with Sliwinski present. She was never paid, and did not ask that her wages be paid to her husband's company, Slavonic Craft, LLC (Slavonic Craft). She had nothing to do with her husband's company. When defendants' counsel asked if plaintiff was aware that Belmont Groceries paid Slavonic Craft $25,294.75, plaintiff replied that was a question for the manager of

---

[3] Sliwinski's last name is also spelled Slevinski in the record. We adopt the spelling that Sliwinski used when introducing herself at her deposition.

[4] Andrzej Lobrow's first name is also spelled Andre and Andrej in the record. For clarity, we refer to him by his first name as he and plaintiff share the same last name.

Slavonic Craft. She had "no idea" why Belmont Groceries would pay Slavonic Craft and denied picking up paychecks from Vicky Poselkiwicz.

¶ 11    Plaintiff explained that she calculated her hours worked based upon documents sent to her by counsel for Belmont Groceries and Machnicki regarding the times that she clocked in and out at Belmont Groceries. She agreed that the records were accurate. She also agreed that the records of hours worked and hours paid at $13 an hour matched the checks that were issued to Slavonic Craft, and that those checks bore her husband's signature and were deposited into Slavonic Craft's bank account.[5]

¶ 12    Although plaintiff asserted that she was to be paid $25 an hour, she admitted that a "claim interview form" generated during Department proceedings stated her rate was $18 per hour.[6] Her son made a mistake entering the information. She also acknowledged that the form stated that she was paid by check. She did not tell Belmont Groceries to pay Slavonic Craft. Plaintiff's mailing address was the same as the mailing address for Slavonic Craft and she declined to state where she currently lived. She did not know where her husband lived, as they no longer lived together. Currently, plaintiff worked at ABM Floral Design, which was registered to her husband.

¶ 13    Poselkiwicz, a Belmont Groceries employee, testified that she issued paychecks every two weeks. Poselkiwicz recognized plaintiff, to whom she personally handed paychecks. Machnicki told her to make plaintiff's paychecks out to Slavonic Craft. Poselkiwicz was never instructed to pay employees in cash. Plaintiff was the only person who received a paycheck written out to

---

[5] The record contains scans of checks from the account of Belmont Grocery made out to Slavonic Craft LLC, dated between January 2016 and February 2017. They are endorsed "Deposit for Acc Slavonic Craft LLC" and "Deposit for Acc Slavonic Craft" with a signature.

[6] The "Claimant Interview Form" dated May 18, 2017, is included in the record on appeal. The document states that plaintiff's "Hourly/Rate per hour" is $18, and paid by "CHECK."

another entity. Plaintiff never complained that she was paid incorrectly, that her payrate was incorrect, or that the paychecks were made out incorrectly.

¶ 14    Counsel for Belmont Groceries and Machnicki then moved to admit the evidentiary deposition of Sliwinski which was taken pursuant to a Department order on March 27, 2020, which was allowed. In the deposition, Sliwinski stated that she believed that plaintiff was paid $13 an hour and denied stating that plaintiff would be paid $25 an hour. Plaintiff did not complain about an incorrect hourly wage or nonpayment. Plaintiff asked that her paychecks be made out to Slavonic Craft. Plaintiff did not want to be an employee and was issued a 1099 form for tax purposes. When Sliwinski was shown a document purporting to bear her signature, she stated that it was not her signature and that her name was spelled incorrectly.

¶ 15    Andrzej testified that he was the manager and president of Slavonic Craft. He also owned ABM Floral Studio at the same location. Andrzej asserted that Slavonic Craft had no business with Belmont Groceries and Belmont Groceries did not owe Slavonic Craft money. He did not know why he received checks from Belmont Groceries in 2016. After speaking with plaintiff in January 2017, he believed the checks were "probably pay for the Slavonic Craft, because she's worked for [it]," but was not sure. When checks came in the mail made out to Slavonic Craft, he deposited them.

¶ 16    Machnicki testified that in January 2016, he and Sliwinski interviewed plaintiff for a position in the floral department and agreed on an hourly wage of $13. Plaintiff asked that her paychecks be made out to Slavonic Craft because she could not work under her social security number. All employees picked up their paychecks in person. Plaintiff never complained that her paychecks were incorrect.

¶ 17    Belmont Groceries manager Lucas Bujack testified that plaintiff made her own work schedule, her paychecks were made out to Slavonic Craft, and she was paid every two weeks at $13 an hour. Plaintiff never complained that her paychecks were incorrect.

¶ 18    On October 19, 2021, the ALJ dismissed plaintiff's claim finding, relevant here, that plaintiff worked for Belmont Groceries from January 2016 to January 28, 2017, that her hourly wage was $13, that she requested her paychecks be issued to Slavonic Craft, and that she picked up each paycheck. The ALJ noted that at the hearing plaintiff agreed that Belmont Groceries' time records were accurate. Further, plaintiff received paychecks from Belmont Groceries totaling $25,294.75, which, according to the ALJ's calculations resulted in an overpayment of $26.44. Therefore, because plaintiff failed to establish that she was not paid, her claim was dismissed. The decision's "Date of Notice" was October 25, 2021. The attached Certificate of Service stated that the decision was sent to plaintiff by certified mail and regular mail on October 25, 2021, prior to 4:30 p.m.

¶ 19    On December 1, 2021, plaintiff filed a *pro se* complaint for administrative review in the circuit court. On December 19, 2022, the circuit court affirmed the Department's final administrative decision. On January 17, 2023, plaintiff filed a *pro se* motion to vacate the court's order, which the court denied on January 18, 2023.

¶ 20    On appeal, plaintiff contends that the Department's dismissal of her claim was against the manifest weight of the evidence when she "demonstrated" that she was owed compensation pursuant to an employment agreement. She further contends that her claim for compensation includes a claim for overtime.

¶ 21    The Department responds that the circuit court lacked jurisdiction and its orders must be vacated because plaintiff did not file a timely complaint for administrative review.

¶ 22    The circuit court's authority to review the final decisions of an administrative agency is conferred by the Administrative Review Law. 735 ILCS 5/3-101 *et seq*. (West 2020). As the Administrative Review Law departs from common law, strict compliance is required to invoke it. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007). Accordingly, "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2020). The Department's final administrative decisions regarding wage claims are subject to judicial review pursuant to the Administrative Review Law. 820 ILCS 115/11(d) (2020).

¶ 23    Pursuant to the Administrative Review Law, a party must file a complaint in the circuit court and cause summons to issue within 35 days from the date the final administrative decision sought to be reviewed was served upon that party. 735 ILCS 5/3-103 (West 2020); see also *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 11. The 35-day period commences on the date that the decision was mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 422, 424 (2003) (the "requirement that a complaint for administrative review be filed within the specified time limit is jurisdictional").

¶ 24    Lack of subject matter jurisdiction may not be waived or cured by consent (*People v. Bailey,* 2014 IL 115459, ¶ 14), and can be challenged at any time, including, for the first time, on appeal (*CPM Productions, Inc. v. Mobb Deep, Inc*., 318 Ill. App. 3d 369, 373 (2000)). Where the circuit court lacks jurisdiction, this court cannot address a judgment on the merits. *Bailey*, 2014 IL

115459, ¶ 29. Instead, we are limited to reviewing whether the circuit court had jurisdiction and must vacate any judgments entered without jurisdiction. *Id.* (where the circuit court lacked jurisdiction to consider a motion on the merits, the reviewing court should vacate the circuit court's judgment and order that the motion be dismissed). Whether the circuit court had subject matter jurisdiction presents a question of law that we review *de novo. Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 30.

¶ 25    Here, the Department's decision's "Date of Notice" was October 25, 2021, the day that it was placed in the mail. See 56 Ill. Admin. Code § 300.1160(a) (eff. Mar. 31, 2023) ("[s]ervice shall be presumed to be accomplished upon mailing or emailing"). Thus, plaintiff had 35 days, or until Monday, November 29, 2021, to file a complaint for administrative review in the circuit court. See 735 ILCS 5/3-103 (West 2020); see also *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 351 (2006) (the "filing period" began on the date the administrative agency "mailed its decision").

¶ 26    However, plaintiff did not file a *pro se* complaint for administrative review in the circuit court until December 1, 2021. The 35-day period for filing a complaint for administrative review, as noted, is a jurisdictional requirement. *Id.* at 350-51. Therefore, because plaintiff did not file a complaint for administrative review within 35 days of the date that the Department's decision was mailed, her complaint was untimely and the circuit court lacked jurisdiction to consider it. See *Nudell*, 207 Ill. 2d at 422 (the "requirement that a complaint for administrative review be filed within the specified time limit is jurisdictional"). Accordingly, the circuit court's orders affirming the Department's decision and denying plaintiff's motion to vacate must be vacated, and plaintiff's untimely *pro se* complaint for administrative review dismissed. See *Bailey*, 2014 IL 115459, ¶ 29.

¶ 27    For the foregoing reasons, we vacate the orders of the circuit court affirming the Department's decision and denying plaintiff's motion to vacate, and dismiss plaintiff's untimely complaint for administrative review.

¶ 28    Orders vacated; complaint for administrative review dismissed.