THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE DUNN, Defendant-Appellant.

First District (2nd Division)   No. 1—98—0284

Opinion filed June 22, 1999.

76

Michael J. Pelletier and Yasemin Eken, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Joan F. Frazier, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GORDON delivered the opinion of the court:

Defendant Maurice Dunn filed a *pro se* postconviction petition, counsel was appointed and the trial court then dismissed the petition without an evidentiary hearing. On appeal, defendant primarily contends that he is entitled to DNA testing.

Defendant's first trial for rape and aggravated battery (great bodily harm) resulted in a mistrial. Defendant was subsequently retried by a jury and was convicted of rape, aggravated battery (great bodily harm) and aggravated battery while on a public way.[1] He was sentenced to an extended prison term of 40 years. On direct appeal, this court vacated defendant's conviction for aggravated battery while on a public way, but affirmed defendant's remaining convictions and sentence. *People v. Dunn*, 115 Ill. App. 3d 1153 (1983) (unpublished order under Supreme Court Rule 23).

The evidence, as presented at the second trial, established that at

---

[1]The transcripts for the second trial are missing from the record. In this appeal, the State and defendant have both relied on the facts as set forth in the briefs filed on direct appeal as the factual basis for the second trial. The briefs on direct appeal were certified as a supplemental record in this appeal.

about 7:45 a.m. on July 30, 1979, the victim was attacked by defendant as she was walking to a southside Chicago train station. Defendant forced her into a secluded area where the victim was able to clearly see defendant's face when he got on top of her and began choking her. During the attack, the victim was able to see defendant's face a few more times. Despite the victim's struggle, defendant raped her. When the victim identified defendant in court as her attacker, the victim said, "And I looked right at your face. I saw your face. I'll never forget your face. Ever." She also stated that defendant was wearing a dark green jogging suit with yellow stripes on the sleeves.

Susan Kelly testified that minutes before the attack she too was going to the train station when she passed a man dressed like the attacker. She stated that defendant resembled that man.

Other evidence showed that defendant's father-in-law lived near the train station, and defendant's wife was living with him. Defendant presented an alibi claim that he was in Harvey, Illinois, where he resided.

On direct appeal, defendant contended that he received ineffective assistance of counsel because of defense counsel's lack of preparation at the second trial; that the trial court erred in denying his motion to suppress the victim's in-court identification of him; that he was not proven guilty beyond a reasonable doubt; that there was no indictment for aggravated battery while on a public way; that the trial court abused its discretion in sentencing defendant to an extended term; and that his second trial violated double jeopardy. This court vacated defendant's conviction for aggravated battery while on a public way because there was no indictment for it, but affirmed defendant's remaining convictions and sentence with this modification, finding that defendant was proved guilty beyond a reasonable doubt.

On January 31, 1989, defendant filed his *pro se* postconviction petition. He alleged that he received ineffective assistance of counsel; that the State withheld material evidence favorable to him; that his constitutional rights were violated because the State used peremptory challenges to exclude black jurors; that his request for a reduction of sentence was proper; that the trial court erred in denying his motion to suppress the victim's in-court identification; that the trial court abused its discretion in sentencing defendant to an extended term; that his second trial was barred by double jeopardy; and that he was not proven guilty beyond a reasonable doubt. Defendant also filed a memorandum in support of his postconviction petition and a motion for the appointment of counsel. His petition indicated that there were exhibits attached to the petition, but none are contained in the record on appeal. Defendant also requested an evidentiary hearing at which

he wanted the following witnesses to appear: Dr. Koenigsknect, the doctor who examined the victim on the day of the attack; attorney Barry Spector, defendant's attorney at his first trial; and attorney O. Kenneth Thomas, defendant's attorney at his second trial.

On April 19, 1989, the State filed a motion to dismiss defendant's petition. On February 27, June 8, July 4, July 13, and July 16, 1992, defendant wrote various letters to the Cook County State's Attorney and the trial court requesting genetic testing or chemical castration. On December 8, 1995, the public defender, on behalf of defendant, filed a petition to compel genetic testing. On February 6, 1996, the State filed a motion to deny defendant's petition to compel genetic testing, and defendant's motion was withdrawn on April 19, 1996. On May 31, 1996, an assistant public defender filed a Supreme Court Rule 651(c) certification that she had examined defendant's *pro se* petition and did not amend it because she felt that nothing could be added. 134 Ill. 2d R. 651(c). On June 10, 1996, the trial court dismissed defendant's postconviction petition with prejudice. Defendant's original notice of appeal was filed in the circuit court on June 10, 1996, but was not filed in this court until January 23, 1998. Finally, on December 1, 1998, defendant filed an affidavit in the form of a supplemental record with this court, averring that he did not know until recently that the motion to compel genetic testing had been withdrawn.

Defendant contends that the trial court erred in dismissing his postconviction petition, which contained a viable claim of innocence based on the assertion that genetic testing would exonerate him. In the alternative, defendant contends that this cause must be remanded for further proceedings because his postconviction counsel did not provide him with a reasonable level of assistance when she did not amend defendant's *pro se* petition to include his meritorious claim of actual innocence.

The State subsequently filed a response to defendant's motion to supplement the record on appeal with his affidavit dated November 17, 1998. The State contends that this constituted new evidence which was prepared and submitted in direct response to the State's argument that defendant never objected to the withdrawal of the motion for genetic testing. The State requests that this court deny defendant's motion to supplement the record with his affidavit and strike from defendant's reply brief any reference to the affidavit.

■ We first address the State's motion to strike defendant's affidavit and a portion of defendant's reply brief. We took the motion with the case. The supreme court rules permit supplementing the record on appeal. *People v. Gonzalez*, 268 Ill. App. 3d 224, 229 (1994). However, supplements to the record must contain material that was before the

trial court. *Gonzalez*, 268 Ill. App. 3d at 229. Supreme Court Rule 329 allows for material omissions or inaccuracies to the record to be corrected. 134 Ill. 2d R. 329. Rule 329 is not to be used as a way to introduce additional evidence into the record. *People v. Sims*, 244 Ill. App. 3d 966, 972 (1993).

Here, the supplementation of the record with defendant's affidavit that he was unaware that his postconviction counsel had withdrawn the motion for genetic testing would introduce new evidence into the record. This would violate Rule 329, and therefore we strike any reference to defendant's affidavit from his reply brief and from the record.

However, this does not necessarily resolve the matter. Although defendant's request for genetic testing was not specifically raised in his postconviction petition, it was raised in defendant's correspondence and by counsel before it was withdrawn. We also find that the applicable statute was not in effect at the time defendant's original postconviction petition was filed. Therefore, we will evaluate his claim under the fundamental fairness exception to the waiver rule. See *People v. Owens*, 129 Ill. 2d 303, 317 (1989).

■ Defendant's petition for postconviction relief was filed under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). To obtain relief under the Act's provisions, a defendant must establish that a substantial deprivation of his constitutional rights occurred in his trial or sentencing hearing. Ill. Rev. Stat. 1989, ch. 38, par. 122—1. A defendant is not entitled to an evidentiary hearing on a postconviction petition as a matter of right; rather, an evidentiary hearing is required only when the allegations of the petition, supported by the record or accompanying affidavits, make a substantial showing of a violation of a constitutional right. *People v. Olinger*, 176 Ill. 2d 326, 341-42 (1997). On review, we evaluate the sufficiency of the allegations contained in a postconviction petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

Defendant first contends that the trial court erred in dismissing his postconviction petition because it raised a free-standing claim of innocence based on newly discovered evidence. He asserts that DNA testing would cast doubt on whether he was the offender in this case. In his petition, defendant alleged that tests performed on blood and sperm samples taken from the victim and contained in the Vitullo kit did not link him to the crime. We note, however, that defendant has offered no proof of these allegations, and we have found no support for them in the record.

■ The Illinois Supreme Court has recently noted the viability of a free-standing postconviction claim of innocence based on newly discovered evidence. *People v. Washington*, 171 Ill. 2d 475, 489 (1996).

Free-standing claims of innocence based on newly discovered evidence are to be resolved as any other claims brought under the Act. *Washington*, 171 Ill. 2d at 489. The supporting evidence of actual innocence must be new, material, noncumulative and of such conclusive character as would probably change the result on retrial. *People v. Molstad*, 101 Ill. 2d 128, 134 (1984). Newly discovered evidence must be evidence that was not available at defendant's trial and that defendant could not have discovered sooner through diligence. *People v. Burrows*, 172 Ill. 2d 169, 180 (1996). Moreover, the evidence offered by defendant must be of such convincing character that it would likely change the outcome of the trial. *Burrows*, 172 Ill. 2d at 180.

Defendant has provided no supporting evidence of his actual innocence, but has only asserted that such testing would "cast doubt on his identity as the offender." Nor is a request for genetic testing itself evidence. However, defendant's appeal specifically raises the issue of whether DNA testing can be granted as postconviction relief when it was unavailable at the time of defendant's trial.

■ Postconviction forensic DNA testing has recently been authorized in Illinois by statute. Section 116—3 of the Code of Criminal Procedure was recently enacted to allow a defendant to seek genetic testing in a motion before the trial court that entered the judgment of conviction in his case. 725 ILCS 5/116—3(a) (West Supp. 1997). That section allows a motion to be made in instances where the technology for the testing was not available at the time of trial. 725 ILCS 5/116—3(a) (West Supp. 1997). That section further provides that the defendant must present a *prima facie* case that identity was the issue in his trial and that the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect. 725 ILCS 5/116—3(b)(1), (b)(2) (West Supp. 1997). The trial court shall allow the testing if it determines that the testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence and that the requested testing uses a scientific method generally accepted within the relevant scientific community. 725 ILCS 5/116—3(c)(1), (c)(2) (West Supp. 1997).

■ Here, defendant has petitioned this court for genetic testing of the Vitullo kit that was taken in his original proceedings. Nearly all of the decisions that have considered whether DNA test results are admissible, including those in Illinois, have permitted such evidence to be admitted. See *People v. Daniels*, 301 Ill. App. 3d 87 (1998); *People v. Miles*, 217 Ill. App. 3d 393 (1991); *People v. Lipscomb*, 215 Ill. App. 3d 413 (1991). Based on the accuracy and definitiveness of DNA testing, and the recent enactment of section 116—3 of the Code of Criminal

Procedure, we agree with defendant that he is entitled to such testing, provided that the required *prima facie* case has been made.

Accordingly, we remand this matter to the trial court for consideration of defendant's motion for genetic testing. The court shall determine whether defendant has made a *prima facie* case for such testing and order further proceedings, if necessary, consistent with those results.

In reaching our conclusion, we have considered *People v. Gholston*, 297 Ill. App. 3d 415 (1998), and found that case to be readily distinguishable. In *Gholston*, defendant's request for postconviction DNA testing was denied because it was clear the test results could not have been conclusive of defendant's guilt or innocence. *Gholston*, 297 Ill. App. 3d at 421. There, the victim had been assaulted by multiple attackers, and there was overwhelming evidence of defendant's guilt. *Gholston*, 297 Ill. App. 3d at 420-21. There is nothing in *Gholston* that would lead us to oppose the need to provide postconviction relief where DNA testing would be determinative.

In the instant case, as opposed to *Gholston*, there was only one attacker, and the court made no finding as to whether there was evidence that the assailant ejaculated during the attack. We would therefore remand this matter to the trial judge to determine first whether any conclusive result is obtainable from DNA testing. This would encompass a determination as to whether there was ejaculation and whether the essential evidence was preserved and is available. If the available DNA evidence is capable of supporting such a determination, there is no valid justification to withhold such relief if requested on postconviction review. *Cf. People v. Washington*, 171 Ill. 2d at 489.

■ Defendant also contends that his postconviction counsel was ineffective for failing to amend his *pro se* petition to include a claim of actual innocence or to request genetic testing. While a defendant has a statutory right to a reasonable level of assistance in a postconviction proceeding, there is no constitutional right to assistance of postconviction counsel. *People v. Gully*, 243 Ill. App. 3d 853, 863 (1993). Here, defendant's postconviction counsel filed a Rule 651(c) (134 Ill. 2d R. 651(c)) certificate in which she stated that she reviewed defendant's *pro se* petition and that there was nothing that she could add to it. Moreover, the applicable statute was not in effect at the time defendant was represented by his postconviction counsel. Therefore, further assessment of counsel's conduct is unnecessary.

Lastly, this does not open the floodgates to provide blanket review of any past convictions except those that are already subject to postconviction review. Here the defendant's preexisting postconviction pe-

82

tition is still pending under review. Under those circumstances, there is no reason to preclude from such review the results, if feasible, of DNA testing, provided such testing may be dispositive.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

RAKOWSKI and COUSINS, JJ., concur.