2025 IL App (1st) 241462-U

No. 1-24-1462

Order filed September 12, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| NICHOLAS GEORGE DICRISTINA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 50509 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and CHRISTOPHER ST. LTD. | ) | |
| MANHOLE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, the Director of | ) | |
| Employment Security, and the Board of Review, | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees). | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the circuit court's order dismissing plaintiff's untimely complaint for administrative review.

¶ 2    Plaintiff Nicholas George DiCristina appeals *pro se* from the circuit court's order dismissing his complaint for administrative review. On appeal, he argues the Illinois Department of Employment Security's (Department) determination that he did not qualify for unemployment benefits was arbitrary and capricious. We affirm.

¶ 3    Plaintiff worked for Christopher St. Ltd. Manhole, doing business as Hydrate Nightclub, for seven years. After being fired, he filed a claim for unemployment benefits, but a Department referee found him ineligible and denied his claim.

¶ 4    Plaintiff appealed the referee's decision. In a decision dated July 21, 2023, the Board of Review affirmed the denial, finding plaintiff was ineligible for unemployment benefits due to knowing, repeated violations of his employer's attendance policy. See 820 ILCS 405/602(A)(3) (West 2022). The Board stated the employer had given several warnings in writing before the final incident, in which plaintiff overslept and was an hour late for his shift. It found plaintiff's assertion that he was late "because he had personal issues, and at some point, had a second job," did not demonstrate he had made a reasonable effort to remedy the reasons for his violations or that those reasons were out of his control. See *id.* The Board's decision further stated, "If you are aggrieved by this decision and want to appeal, you must file a complaint for administrative review and have summons issued in circuit court within 35 days from the mailing date, 07/21/2023."

¶ 5    On September 25, 2023, plaintiff filed a *pro se* complaint for administrative review in the circuit court, naming defendants the "City of Chicago Department of Administrative Hearings," the "City of Chicago Department of Employment Security," the Board of Review, and "Christopher St LTD Manhole c/o Unemployment Consultants." He also filed a certificate of

service stating he had served the "City of Chicago Law Dept" and the "City of Chicago Dept of Administrative Hearings" by registered mail on August 15, 2023.

¶ 6    The Department, its director, and the Board of Review (State defendants) appeared before the circuit court. After plaintiff failed to appear, the circuit court dismissed the action for want of prosecution on December 12, 2023. On February 13, 2024, plaintiff filed a motion to vacate the dismissal. The court granted the motion, finding the clerk's office had sent notices to incorrect email and mail addresses.

¶ 7    The State defendants then filed a motion to dismiss the complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2022)), arguing plaintiff's failure to file his complaint within 35 days of the Board's decision deprived the circuit court of jurisdiction to review the matter. See *id.* § 3-103 (West 2022) (action for administrative review must be filed within 35 days from the date the administrative decision was served). Plaintiff filed his request for administrative review 66 days after the Board mailed its decision, which was 31 days after the statutory period had ended.

¶ 8    In response, plaintiff argued that he had "issued all of [his] documents," including the complaint and summons, "as of August 21, 2023." He attached an image of a certified mail envelope addressed to Hydrate Nightclub and postmarked August 21, 2023. The envelope was stamped "unclaimed" and returned to plaintiff, the sender.

¶ 9    The circuit court granted the State defendants' motion to dismiss, stating it was "without jurisdiction to entertain the appeal." Plaintiff appeals *pro se*, arguing the Department erred in denying his application for unemployment benefits.

¶ 10     As an initial matter, plaintiff's opening brief fails to comply with the supreme court rules governing appellate briefs. It does not contain a table of contents, a statement of jurisdiction, a list of statutes involved, or an appendix. See Ill. S. Ct. R. 341(h)(1), (4)-(5), (9) (eff. Oct. 1, 2020). Plaintiff includes no citations to the record. See Ill. S. Ct. R. 341 (h)(6). He also arguably forfeited any challenge to the circuit court's dismissal of his complaint by failing to address his complaint's timeliness in his opening brief, instead requesting only that we reverse the Board's decision. See Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited and shall not be raised in the reply brief"). Further, plaintiff's opening brief cites to cases that do not exist and was clearly generated by an artificial intelligence large language model, as it includes repetitive "refined" drafts, suggestions for improvement directed at himself, and the statement, "Generative AI is experimental."

¶ 11     A reviewing court is entitled to briefs that clearly define the issues, cite to authority, and present cohesive arguments. *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52; see also *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80 ("This court is not a depository in which the burden of argument and research may be dumped."). A party's status as a *pro se* litigant does not relieve him of these obligations. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We may strike a brief and dismiss an appeal for failure to comply with the supreme court rules governing appellate procedure, which are mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Nonetheless, as we have the benefit of a cogent brief from the State defendants and it is clear the appeal necessarily arises from the dismissal of plaintiff's complaint as untimely, we proceed to the merits of plaintiff's appeal despite the deficiencies of his brief.

¶ 12     The circuit court dismissed plaintiff's complaint for lack of jurisdiction pursuant to section 2-619. See 735 ILCS 5/2-619(a)(1) (West 2022) (providing for involuntary dismissal where the

court lacks jurisdiction); see also *id.* § 2-619(a)(5) (providing for involuntary dismissal of an action that was not commenced within the time limited by law). We review a circuit court order dismissing a complaint for lack of jurisdiction *de novo*. *Green v. State*, 2023 IL App (1st) 220245, ¶ 17. We construe all well-pled facts as true and draw all reasonable inferences in favor of the nonmoving party. *Id.*

¶ 13 Decisions of the Board of Review are reviewable pursuant to the Administrative Review Law. 820 ILCS 405/1100 (West 2022); see also *Carroll v. Department of Employment Security*, 389 Ill. App. 3d 404, 407-08 (2009). Parties to proceedings before an administrative agency are barred from obtaining judicial review of an administrative decision unless they seek review in the time and manner the Administrative Review Law prescribes. 735 ILCS 5/3-102 (West 2022). "Because the [Administrative Review Law] is a departure from the common law, the procedures it establishes must be strictly complied with." *Palos Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 2015 IL App (1st) 143324, ¶ 12.

¶ 14 An action under the Administrative Review Law "shall be commenced by the filing of a complaint and the issuance of summons within 35 days" of service of the administrative decision. 735 ILCS 5/3-103 (West 2022). The 35-day period starts on the date the decision is mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424 (2003). The 35-day deadline is jurisdictional; if the complaint is not timely filed, the circuit court lacks jurisdiction, and judicial review of the administrative decision is barred. *Id.* at 422-23. The deadline for issuance of summons, however, is mandatory but not jurisdictional. *Id.* at 422.

¶ 15    Here, the Board mailed its decision on July 21, 2023. Plaintiff had 35 days—until August 25, 2023—to file his complaint for administrative review in the circuit court. He filed his complaint on September 25, 2023, which was 31 days late.

¶ 16    Plaintiff does not dispute the circuit court's time stamp on his complaint, which reads, "FILED SEP 25 2023." He likewise does not dispute that the Board mailed its decision to him on July 21, 2023, or that the decision was mailed to the proper address. He does not claim he did not receive the Board's decision. In fact, in response to the decision, he attempted to mail a summons to Hydrate Nightclub on August 21, 2023—which was within the 35-day deadline—although the envelope was returned as "unclaimed."

¶ 17    For the first time in his reply brief, plaintiff asserts this August 21, 2023, attempt to serve Hydrate Nightclub means his complaint "was timely filed or should be deemed timely" because it "indicates an earnest and timely attempt to initiate review, as required by statute." He argues the "good-faith exception" applies, citing *Carver v. Nall*, 186 Ill. 2d 554, 559 (1999) (overruled in part on other grounds by *Nudell*, 207 Ill. 2d 409).

¶ 18    This good-faith exception applies to the mandatory issuance of summons, not the filing of a complaint for administrative review. *Id.* As discussed, the deadline to file a complaint is a jurisdictional requirement. *Id.*; see also *Nudell*, 207 Ill. 2d at 422. Unlike a late-issued summons, neither equitable tolling nor the interests of justice can excuse a late-filed complaint. See *Grimm v. Calica*, 2017 IL 120105, ¶ 18. The circuit court thus correctly found it lacked jurisdiction to review the matter, as plaintiff filed his complaint for administrative review in the circuit court 66 days after the Board's decision was mailed, which was 31 days after the 35-day deadline expired.

¶ 19    For these reasons, we affirm the circuit court's order dismissing plaintiff's complaint.

¶ 20    Affirmed.