2026 IL App (1st) 242451-U

No. 1-24-2451

Order filed April 15, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STANCE STRONG and KINISHA STRONG, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) | |
| | ) | No. 22 L 2605 |
| v. | ) | |
| | ) | |
| ZUBHA POP FOODS LLC d/b/a POPEYES CHICKEN, | ) | Honorable |
| | ) | Barbara N. Flores, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiffs' briefs violate Illinois Supreme Court Rules. Plaintiffs' briefs are hereby stricken and the appeal is dismissed, for failure to comply with Illinois Supreme Court Rule 341.

¶ 2    Plaintiffs Stance and Kinisha Strong, husband and wife, filed suit alleging Stance was injured after he fell outside defendant's restaurant, Zubha Pop Foods LLC, doing business as Popeyes Chicken (Popeyes). Plaintiffs now appeal the trial court's grant of summary judgment in favor of defendant. For the following reasons, plaintiffs' briefs are hereby stricken and the appeal is dismissed.[1]

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 3                                                    I. BACKGROUND

¶ 4        Plaintiffs filed a personal injury complaint in the law division on March 17, 2022. Plaintiffs alleged Stance broke his ankle due to defendant's negligence of "not throwing salt around its premise who enter through front door." Additionally, Kinisha alleged loss of consortium. Plaintiffs contended Stance slipped and fell outside of Popeyes on February 27, 2022. Plaintiffs' complaint included numerous grainy, indiscernible black and white photographs. Attached to the complaint were various affidavits and an after-visit summary from a medical appointment. Thereafter, plaintiffs filed copious motions, including, *inter alia*, emergency motions for rule to show cause, motion for default judgment, a motion for summary judgment, and a "motion to pierce the corporate veil."

¶ 5        On September 20, 2022, the court entered an order granting plaintiffs' motion for default judgment and set the case for a prove-up hearing on damages. Plaintiffs alleged damages in excess of $7 million dollars. The court entered a default judgment in plaintiffs' favor on May 10, 2023, in the amount of $575,000.

¶ 6        The following month, defendant filed a motion to vacate the default judgment. The court granted defendant's motion on June 21, 2023. The parties thereafter engaged in discovery and filed various motions.

¶ 7        Defendant filed a motion for summary judgment on August 12, 2024, arguing there was no evidence (1) that it aggravated a natural accumulation or caused an unnatural accumulation of ice, and (2) of actual or constructive notice. Plaintiffs responded by filing a cross motion for summary judgment.

¶ 8        Following a hearing, the court issued a written memorandum opinion and order on October 24, 2024, granting defendant's motion for summary judgment and denying plaintiffs' cross motion for summary judgment. The court held that plaintiffs were unable to demonstrate that Stance fell

on an unnatural accumulation of ice and provided no evidence regarding who may have placed salt on the ground near where he fell.

¶ 9    Plaintiffs filed a motion to reconsider, which was denied. This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    After all briefing was filed with this court, defendant filed a motion for sanctions pursuant to Illinois Supreme Court Rule 375(a) and 375(b) (eff. Feb. 1, 1994). The motion alleged various Illinois Supreme Court Rule 341 violations for copious citations to hallucinated authority, improper pagination, and the inclusion of hyperlinks and references to "Centient AI" (some of which it appeared plaintiff had tried to obscure). Defendant asked this Court to strike plaintiffs' opening and reply brief, enter sanctions against plaintiffs, and dismiss the appeal. Plaintiffs were notified of the motion for sanctions and had an opportunity to respond. They chose not to. Accordingly, we entered a responsive order, striking both plaintiffs' opening and reply brief due to their repeated use of hallucinated citations and apparent unchecked use of artificial intelligence (AI), and gave plaintiffs an opportunity to refile their opening brief in compliance with Illinois Supreme Court Rules 137 and 375.

¶ 12    Plaintiffs subsequently filed a new opening brief, a corrected opening brief, and an amended opening brief. Defendant filed its responsive brief and then a second motion for sanctions, noting plaintiffs' continued use of unsupported arguments and illegitimate citations, and their attempt to include new photographic evidence in their brief. Defendant again asked this Court to strike plaintiffs' briefs and dismiss his appeal, but additionally requested we impose monetary sanctions including reasonable attorney fees and costs. Plaintiffs again were given notice of the motion for sanctions and an opportunity to respond to the allegations. Again, they chose not to. Thereafter, we took defendant's motion with the case. A month later, plaintiffs filed a new reply

brief. Again, plaintiffs declined to address the pending motion for sanctions. It is through this lens that we limit our analysis.

¶ 13    We first note that plaintiffs appear before this Court as *pro se* litigants. However, plaintiffs' status as self-represented litigants does not relieve them of the burden to comply with supreme court rules. *People v. Shunick*, 2024 IL 129244, ¶ 64. *Pro se* litigants are presumed to have " 'full knowledge of applicable court rules and procedures.' " *Id.* (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001)). Further, a party's *pro se* status does not entitle them to more leniency. *Id.* " '[A] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research.' " (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5 (quoting *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010)).

¶ 14    Plaintiffs' opening and reply brief both thoroughly fail to comply with the supreme court rules governing appellate briefs. Initially, Illinois Supreme Court Rule 341(a) mandates that briefs conform to basic formatting requirements, such as clear black text on white pages. Ill. S. Ct. R. 341(a) (eff. Oct. 1, 2020). Throughout plaintiffs' opening brief, both small and large sections of text are inexplicably highlighted in yellow, lime green, orange, and neon green; and some words are in blue text. Plaintiffs also make prolific use of bolded text, which composes the majority of their brief. They switch indiscriminately between text of differing fonts and sizes. Plaintiffs' reply brief is rife with the same confusing and unnecessary departure from the mandated formatting requirements. Additionally, substantial portions of the filing are on a light gray highlighted background, as if they have been simply cut and pasted from another (potentially generative AI) source.

¶ 15    While the formatting alone is problematic and makes review more difficult, plaintiffs'

failure to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) is most concerning. Rule 341(h)(7) requires that an appellant's brief contain well-reasoned arguments supported by citations to both the authorities and the record relied upon. *Id*. "This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts." *McCann v. Dart*, 2015 Il App (1st) 141291, ¶ 15. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 16      Plaintiffs' convoluted briefs include abundant citations to both hallucinated cases and fictitious holdings and quotations from existent cases. Plaintiffs' citations to fictitious authority are too numerous to relay in their entirety. For instance, in their corrected and amended opening brief, plaintiffs cite *Dunn v. Old Orchard Ctr., Ltd.*, 306 Ill. App. 3d 75 (1999). While 306 Ill. App. 3d 75 is a legitimate citation, the case associated with it is *People v. Maurice Dunn*, and the case does not support the proposition for which plaintiff claims. Plaintiffs also cite *Arnold v. Hoyt*, 384 F. Supp. 566, 1974. Again, it appears that 384 F. Supp. 566 is a citation to a legitimate case. However, the case associated with the citation is titled *Geldermann & Co., Inc. v. Dussault*, and the quote cited is not found within that case.

¶ 17      In plaintiffs' reply brief, they initially cite a case for which no caption is provided: "…we all know that appeals ,are remanded or reversed for the following reason was there a clear abuse of discretion ,and was there a material fact in dispute ,and Standing see: **Fausett** v. **Walgreen Co**?" On the following page, plaintiffs state:

      "Defendant-Appellee's brief fails to contradict the metadata found in [ Appellate Exhibit ]Steven Hart is asking this Court to ignore the evidence just as the trial court did. Under Murphy *v*. Corey Steel Co., if the evidence presents a conflict, Summary Judgment **must**

be denied. **[The "Vanishing" Lawyer and Unlawful Representation].**"

No citation to the named case is given nor is any explanation provided as to what appellate exhibit plaintiffs are referring to. For a further 14 pages, plaintiffs rely on case names with no citations, include quotes from "Illinois courts" for which they offer no citation to any case, provide entirely fictitious citations, and offer incomprehensible arguments with no authoritative support.

¶ 18        We note the possibility that plaintiffs' fictitious cases and quotes were hallucinated by generative AI. In recently considering the issue, a panel of the fourth district appellate court noted:

> "[T]he Illinois Supreme Court AI policy explicitly permits the use of AI. However, attorneys must use AI tools *wisely*. We reiterate the supreme court's reminder that '[a]ll users must thoroughly review AI-generated content before submitting it in any court proceeding to ensure accuracy and compliance with legal and ethical obligations.' [Ill. Sup. Ct., Illinois Supreme Court Policy on Artificial Intelligence (Jan. 1, 2025), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/e43964ab-8874-4b7a-be4e-63af019cb6f7/Illinois %20Supreme %20Court %20AI %20Policy.pdf [https://perma.cc/WCE6-WZE5]]. Flagrant and unprincipled use of AI without ensuring the accuracy of the generated response 'is an abuse of the adversary system' (*Mata* [*v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023]), as it wastes court resources that would be better spent elsewhere." (Emphasis in original.) *In re Baby Boy*, 2025 IL App (4th) 241427, ¶ 131.

¶ 19        The appellate court in *Baby Boy* held that the attorney "willfully" failed to comply with supreme court rules when he carelessly used AI to generate an appellate brief that cited to eight non-existent cases, such that attorney's conduct was sanctionable. While *Baby Boy* is distinguishable (as the case involved an attorney who openly admitted to the use of AI), we do not believe plaintiffs' status as *pro se* litigants excuses their apparent reliance on AI. See *Shunick*,

2024 IL 129244, ¶ 64 (self-represented litigants are presumed to have full knowledge of supreme court rules and procedures and must comply with them).

¶ 20 After plaintiffs' initial convoluted briefs were filed, defendant put plaintiffs on notice that their briefs were "riddled with hallucinated cases." In filing a motion for sanctions, defendant noted that "[t]he sheer volume of fake cases cited by Plaintiff—over twenty—is frankly absurd, and by itself warrants striking Plaintiff's filings." Plaintiffs had an opportunity to file a response to the motion for sanctions but chose not to do so. In striking plaintiffs' briefs and allowing plaintiffs another opportunity to file their briefs, this Court informed plaintiffs that future filings must be compliant with Rules 137 and 375.

¶ 21 Rule 375(a) states as follows:

> "If after reasonable notice and an opportunity to respond, a party or an attorney for a party or parties is determined to have willfully failed to comply with the appeal rules, appropriate sanctions may be imposed upon such a party or attorney for the failure to comply with these rules. Appropriate sanctions for violations of this section may include an order that a party be barred from presenting a claim or defense relating to any issue to which refusal or failure to comply with the rules relates, or that judgment be entered on that issue as to the other party, or that a dismissal of a party's appeal as to that issue be entered, or that any portion of a party's brief relating to that issue be stricken. Additionally, sanctions involving an order to pay a fine, where appropriate, may also be ordered against any party or attorney for a party or parties." Ill. S. Ct. R. 375(a) (eff. Feb. 1, 1994).

Rule 375(b) provides that sanctions may be imposed when a party has taken an appeal that is frivolous. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). It further explains that "[a]n appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted

by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.*

¶ 22    Plaintiffs were clearly put on notice and made aware of the risks they faced in using authority without thoroughly reviewing its accuracy. Nonetheless, despite defendant's initial motion for sanctions and receiving a liberal second opportunity to comply with supreme court rules, plaintiffs again chose to rely on hallucinated authority in compiling their opening (and corrected and amended opening) brief. Defendants then filed a second motion for sanctions, which this Court took with the case. Again, plaintiffs failed to respond to defendant's accusations. Nonetheless, plaintiffs proceeded to file a reply brief—a full month later—still laden with the same disregard for the supreme court rules and appellate procedure.

¶ 23    While we would be justified in dismissing this case as a sanction under Rule 375, we instead strike plaintiffs briefs and dismiss their appeal for failure to comply with Rule 341. Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). Plaintiffs' persistent dependence on incoherent arguments, hallucinated authority, and fictitious case holdings has rendered review impossible. We believe "[a] reasonable attorney would have thoroughly reviewed the briefs he submitted to this court to ensure that his arguments were meritorious and that his citations were accurate." *In re Baby Boy*, 2025 IL App (4th) 241427, ¶ 119. While plaintiffs may not have intentionally submitted fictitious cases to this Court, they intentionally neglected to check their citations to authority before filing their briefs, and they repeatedly filed incomprehensible briefs unsupported by case law and citations to the record. Accordingly, we strike plaintiffs' opening and reply brief and dismiss the appeal. See, *e.g.*, *Labell v. City of Chicago*, 2019 IL App (1st) 181379, ¶ 51 (noting arguments that fail to comply with Rule 341(h)(7) do not merit consideration on appeal); *DiCristina v. Department of Employment Security*, 2025 IL App (1st) 241462-U (noting the appellate court may strike a brief and dismiss an appeal for failure to comply with supreme court rules); *Palsen v. Webb Chevrolet,*

*Inc*., 2026 IL App (3d) 250498-U (dismissing appeal for failure to comply with Illinois Supreme Court Rule 328); *Pletcher v. Village of Libertyville Police Pension Board*, 2025 IL App (2d) 240416-U (granting appellee's request to strike appellant's brief and dismiss the appeal where *pro se* appellant cited to fictitious cases).[2] At this time, we decline defendant's request to otherwise sanction the plaintiffs.

¶ 24                                    III. CONCLUSION

¶ 25        For the foregoing reasons, we dismiss the appeal for failure to comply with Illinois Supreme Court Rule 341.

¶ 26        Appeal dismissed.

---

[2]Unpublished Rule 23 orders entered on January 1, 2021, or later "may be cited for persuasive purposes." Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025).